351 So.2d 703 (1977)
Frank M. STUART, M.D., P.A., and Underwriters at Lloyds, Petitioners,
v.
The HERTZ CORPORATION, George Holbrook, Individually and As Father and Next Friend and Guardian Ad Litem of Stafford Holbrook, a Minor, Respondents.
No. 46553.
Supreme Court of Florida.
July 28, 1977.
Rehearing Denied November 28, 1977.
*704 Mark Hicks and James E. Tribble, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioners.
Stephen A. Stieglitz, of Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, and Pomeroy & Betts, Fort Lauderdale, for respondents.
ADKINS, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Fourth District Court of Appeal reported at 302 So.2d 187 (Fla.4th DCA 1974).
This case concerns the right of a defendant who is the negligent tortfeasor in an automobile accident to bring a third party complaint against the treating physician of the plaintiff for alleged malpractice which aggravated the injuries of the plaintiff. The Fourth District Court in an extensive opinion held the third party complaint properly sought indemnification from the treating physician, finding also that he was not a joint tortfeasor. There is decisional conflict with the holding of the Third District Court in Mathis v. Virgin, 167 So.2d 897 (Fla.3d DCA 1964). We have jurisdiction. Article V, Section 3(b)(3), Florida Constitution.
The record reflects that an automobile owned by respondent Hertz collided with an automobile operated by one Mrs. Johnson, who suffered orthopedic injuries in the accident. Mrs. Johnson underwent surgery performed by petitioner Dr. Stuart, for these injuries. During the course of the surgery, Mrs. Johnson's carotid artery was accidentally severed, causing a neurological disability. Mrs. Johnson instituted suit against Hertz, who filed a third party complaint against petitioners seeking indemnity for any damages recovered as a result only of the neurological injuries. Petitioner doctor's motion to dismiss the third party complaint was denied by the trial court.
In affirming the trial court the District Court held in part:
"[T]here is an equitable right to indemnity under certain factual considerations and particularly under the facts present in the case sub judice; a tortfeasor initially causing an injury has the right to seek indemnification against the physician for aggravating injury in the course of treatment... ." 302 So.2d at 194.
Therefore, the issue before us is simply whether or not an active tortfeasor in an automobile accident may bring a third party action for indemnity against a physician for damages directly attributable to malpractice which aggravated the plaintiff's injuries.
*705 We hold that such an action for indemnity may not be brought. To hold otherwise would alter traditional indemnity law by adopting a doctrine of partial equitable indemnification between active tortfeasors.
The negligent action of the defendant tortfeasor in the case sub judice was the proximate cause of the plaintiff's injuries. However, the action of petitioner doctor was in fact an aggravating intervening cause of the ultimate condition of the plaintiff. The parties causing plaintiff's injuries here were not joint tortfeasors but distinct and independent tortfeasors.
Indemnity has been defined as a right which inures to a person who has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other. 41 Am.Jur.2d Indemnity § 1. As stated in Mims Crane Serv., Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla.2d DCA 1969), the obligation to indemnify need not be based upon an express contract of indemnification but may arise out of a liability imposed by law. The rule is stated in 41 Am.Jur.2d Indemnity § 2.
"Although it has been said that the right to indemnity springs from a contract, express or implied, the modern cases note that contract furnishes too narrow a basis, and that principles of equity furnish a more satisfactory basis for indemnity. Thus, a right of indemnity has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. The rule proposed in the Restatement of Restitution makes no specific reference to contract and appears to be based on principles of equity; it provides that a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor (indemnitee) is barred by the wrongful nature of his conduct." (Emphasis supplied.)
To date, an action for indemnity has been restricted by this Court to situations involving either express contracts, a duty, or the existence of active and passive negligence. University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973); Mims Crane Serv., Inc. v. Insley, supra; Winn-Dixie Stores v. Fellows, 153 So.2d 45 (Fla.1st DCA 1963); Suwannee Valley Elec. Coop., Inc. v. Live Oak, Perry and Gulf R. Co., 73 So.2d 820 (Fla. 1954); Seaboard Air Line Ry. Co. v. American Dist. Elec. Protective Co., 106 Fla. 330, 143 So. 316 (1932).
The Third District Court has held that a tortfeasor is not "locked in" by allegations that he was an active tortfeasor and could make third party claims for indemnification. Central Truck Lines v. White Motor Corp., 316 So.2d 579 (Fla.3d DCA 1975). But the court still looked to proof of an active/passive relationship of the tortfeasors upon which the claim of indemnity could rest. Florida continues to follow the general rule that where each tortfeasor is chargeable with active or affirmative negligence contributing to the injury for which recovery was had, neither is entitled to indemnity from the other. 41 Am.Jur.2d Indemnity § 21. See Seaboard Coast Line R. Co. v. Gordon, 328 So.2d 206 (Fla.1st DCA 1976); Armor Elev. Co., Inc. v. Elev. Sales & Serv., Inc., 309 So.2d 44 (Fla.3d DCA 1975); Dura Corp. v. Wallace, 297 So.2d 619 (Fla.3d DCA 1974); General Motors Corp. v. County of Dade, 272 So.2d 192 (Fla.3d DCA 1973); University Plaza Shopping Center, Inc. v. Stewart, supra; Aircraft Taxi Co. v. Perkins, 227 So.2d 722 (Fla.3d DCA 1969); Winn-Dixie Stores, Inc. v. Fellows, supra. It follows that the rights of a party to indemnification will be denied where his own wrongful act or omission proximately contributes to the injury complained of. 41 Am.Jur.2d Indemnity § 21. The stated reason for this rule is that, since no one should be permitted to found a cause of action on his own wrong, the courts will not aid one tortfeasor against another. Herrero v. Atkinson, 227 Cal. App.2d 69, 38 Cal. Rptr. 490, 493 (1st Dist. 1964).
*706 There is a fundamental distinction between indemnity and contribution. Traditionally, indemnity has evolved from the concept of express or implied contract while the doctrine of contribution has been based upon equitable rights. In the case of indemnity the defendant is liable for the whole outlay, while in contribution he is chargeable only with a ratable proportion. 41 Am.Jur.2d Indemnity § 3. The District Court notes the fact that the indemnity sought is not for total damages awarded, but is only from the consequences brought about solely by the malpractice, thereby espousing a hybrid doctrine of partial equitable indemnification which will most certainly lead to confusion and nonuniformity of application by the lower courts. The rule stated in the case of Transcon Lines v. Barnes, 17 Ariz. App. 428, 498 P.2d 502, 509 (1972) is a better reasoned rule. There the court affirmed a decision dismissing a claim for indemnity where the deceased was initially injured in an automobile accident and after receiving medical care, died of broncho-pneumonia. The court held that:
"It must be remembered that indemnity is an all or nothing proposition damage-wise, and hence should be an all or nothing proposition fault-wise. Apportionment of damages is not contemplated by it. .. . Stated in the positive the cases mean simply that indemnity between tortfeasors is allowable only where the whole of the fault was in the one against whom indemnity is sought."
Having finally decided the issue in favor of contribution among joint tortfeasors in Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975), the Court here finds itself faced with the question of whether to apportion the loss between initial and subsequent rather than joint or concurrent tortfeasors. This cannot be done.
An active tortfeasor should not be permitted to confuse and obfuscate the issue of his liability by forcing the plaintiff to concurrently litigate a complex malpractice suit in order to proceed with a simple personal injury suit. To hold otherwise would in effect permit a defendant to determine the time and manner, indeed the appropriateness, of a plaintiff's action for malpractice. This decision eliminates the traditional policy of allowing the plaintiff to choose the time, forum and manner in which to press his claim. See C. Wright and A. Miller, Federal Practice and Procedure § 1459, at 316.
The choice of when and whether to sue his treating physician for medical malpractice is a personal one which rightfully belongs to the patient. A complete outsider, and a tortfeasor at that, must not be allowed to undermine the patient-physician relationship, nor make the plaintiff's case against the original tortfeasor longer and more complex through the use of a third-party practice rule which was adopted for the purpose of expediting and simplifying litigation.
The complex issues of liability to be resolved in a medical malpractice action are foreign to the resolution of liability in the typical personal injury suit. Indeed Fla.R. Civ.P. 1.180 itself recognizes that not all third party claims should be allowed to proceed by providing that any party may, in addition to a motion to strike, move for its severance or separate trial. The courts in the past have exercised this discretion in furtherance of convenience or to avoid prejudice, or when separate trials are conducive to expedition and economy. C. Wright and A. Miller, supra, § 1460.
In summary, to allow a third party action for indemnity, as in the case sub judice, would not only incorrectly expand traditional concepts of indemnity to the point of making it indistinguishable from contribution, but also expand the applicability of the third-party rule and make it a tool whereby the tortfeasor is allowed to complicate the issues to be resolved in a personal injury suit and prolong the litigation through the filing of a third-party malpractice action.
We therefore hold that Hertz Corporation, the initial tortfeasor, may not file a third-party complaint seeking indemnity for the alleged aggravation of the injuries by the negligence of the treating physician.
*707 This holding is in conformity with the rule announced in J. Ray Arnold Corporation, etc. v. Richardson, 105 Fla. 204, 141 So. 133 (1932), which reads as follows:
"Where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon, and in following his advice and instructions, and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor. Texas & Pacific Ry. Co. v. Hill, 237 U.S. 208, 35 S.Ct. 575, 59 L.Ed. 918." At 135.
Florida is not alone in adhering to this principle for, as stated in 57 Am.Jur.2d Negligence § 149, at 507,
"[T]he rule is well established that a wrongdoer is liable for the ultimate result, although the mistake or even negligence of the physician who treated the injury may have increased the damage which would otherwise have followed from the original wrong."
The following appears in an Annotation "Torts  Negligent Treatment of Injury," 100 A.L.R.2d 808:
"Although stating the rule in different ways and basing it upon different theories, most of the courts which have considered the question have taken the view that where a person has suffered personal injury by reason of another's negligence, the tortfeasor is liable for any additional harm and expense caused the injured person by the negligence, mistake, or lack of skill of the attending physician or surgeon.
* * * * * *
"In most of the cases the courts have stated, in substance, that the tortfeasor is liable for the consequences of the negligence, mistake, or lack of skill of the physician or surgeon attending the injured person, if the injured person exercised reasonable care in securing the services of a competent physician or surgeon." At 813-14.
For the above reasons the decision of the District Court of Appeal is quashed, and this cause is remanded for the purpose of a further remand to the trial court with instructions to grant the motion to dismiss.
It is so ordered.
SUNDBERG, HATCHETT and KARL, JJ., concur.
ENGLAND, J., concurs in result only.
BOYD, J., concurs in part and dissents in part with an opinion.
OVERTON, C.J., dissents with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the opinion of Justice Adkins that original tortfeasors should not be permitted to join treating physicians in the suits for damages on the basis that the malpractice of doctors has aggravated the injuries and increased the damages. The relationship between patients and their doctors precludes inclusion of the doctors as defendants without permission of the patients. Many patients forgive malpractice or settle out of court to prevent damage to medical reputations.
I dissent to the view that any active tortfeasor sued should be unable to shift an equitable portion of the judgment obligation to others causing or increasing the injuries and damages.
Although respondent Hertz Corporation must not be permitted to join petitioner as a third party defendant, it should be permitted to allege and prove any malpractice and have the judgment amount reduced to the extent the malpractice contributed to the total amount of damages. It is fundamentally unfair and unjust to require Hertz to pay for the negligence of petitioner, if any. If the injured person, Mrs. Johnson, does not wish to join her doctor in the suit *708 that should be her privilege, but she should not recover from Hertz the full damages unless Hertz is the only tortfeasor.
If the Hertz judgment should be reduced by proving malpractice Mrs. Johnson could sue petitioner to recover for malpractice or waive her claim against petitioner.
This view may well conflict with existing legal concepts, but it follows the ancient principle that each person must be accountable for his or her own misconduct.
OVERTON, Chief Justice, dissenting.
I dissent. The issue in this case is whether the negligent driver in an automobile accident who causes injury to the plaintiff may bring a third party indemnity action against the physician for damages directly attributed to the physician's malpractice, which aggravated the plaintiff's injuries. I would hold that indemnity is a proper remedy in this factual situation. The equitable principle that everyone should be responsible for the consequences of his or her own wrong should apply. If others have been compelled to pay damages which ought to have been paid by the wrongdoer, indemnity is the proper remedy. See Gertz v. Campbell, 55 Ill.2d 84, 302 N.E.2d 40 (1973); Herrero v. Atkinson, 227 Cal. App.2d 69, 38 Cal. Rptr. 490 (1964). For the same result based on subrogation doctrine, see Fisher v. Milwaukee Electric Ry. & Light Co., 173 Wis. 57, 180 N.W. 269 (1920); Clark v. Halstead, 276 App.Div. 17, 93 N.Y.S.2d 49 (1949).
My view would not disturb the existing law that a tortfeasor remains responsible for all injuries which flow naturally from the original act, and I would specifically reaffirm the opinion of this Court in J. Ray Arnold Lumber Corporation v. Richardson, 105 Fla. 204, 141 So. 133, 135 (1932).
A plaintiff should not be allowed to recover for the same wrong from both tortfeasors, which may be possible under the majority opinion as I understand it. Clearly one tortfeasor should not be responsible for all the injuries without the right of indemnification for the identifiable consequences of another's wrong.
I would affirm the decision of the Fourth District Court of Appeal.