361 So.2d 728 (1978)
EWELL ENGINEERING & CONTRACTING COMPANY, Charles M. Moore and John Lyles, Appellants,
v.
Tam Finley CATO, and Emma Boyd Cato, and Dr. Ed Farrar & Schering Corporation, Appellees.
No. 74-1028.
District Court of Appeal of Florida, Fourth District.
February 28, 1978.
*729 Walton B. Hallowes, Jr., of Maguire, Voorhis & Wells, P.A., Orlando, for appellants.
James C. Rinaman, Jr., and John R. Saalfield, of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee-Dr. Ed Farrar.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellee-Schering Corp.
DOWNEY, Judge.
Appellee Tam Finley Cato fell from a motor vehicle owned by appellant, Ewell Engineering & Contracting Company. The vehicle was being operated by appellant Moore under the direction of appellant Lyles. As a result of the fall Cato injured his leg and was taken to a hospital for treatment. During Cato's stay in the hospital he was treated by a physician, appellee Dr. Ed Farrar, with a drug known as Garamycin manufactured by appellee Schering Corporation. Experiencing a bad result, Tam Cato and his wife, Emma Boyd Cato, sued Ewell Engineering, Moore and Lyles for negligence in causing Cato to fall, resulting in a fracture of his left femur. Ultimately Cato claims that he sustained a complete and permanent loss of vestibular function in his left leg.
Appellants filed a third party complaint against appellees Dr. Ed Farrar, M.D., and Schering Corporation, alleging that the doctor negligently treated Cato with Garamycin which Schering Corporation negligently placed on the market and that these negligent acts caused a good portion of Cato's ultimate injuries. Therefore, appellants claimed partial indemnity or contribution or apportionment of damages from Farrar and Schering.
The trial court dismissed the third party complaint with prejudice for failure to state a cause of action. On appeal this Court reversed the trial court, Ewell Engineering & Contracting Company v. Cato, 310 So.2d 437 (Fla. 4th DCA 1975), upon authority of our then recent decision in Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974). The Supreme Court of Florida in Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977), quashed our Hertz decision.
Ewell petitioned the Supreme Court for a Writ of Certiorari which was granted and in an opinion filed December 8, 1977, 353 So.2d 86, the Supreme Court remanded the Ewell case back to this Court for reconsideration in light of its Hertz opinion.
*730 In the Hertz decision the Supreme Court articulated the issue presented as:
"[W]hether or not an active tortfeasor in an automobile accident may bring a third party action for indemnity against a physician for damages directly attributable to malpractice which aggravated the plaintiff's injuries." Id. at 704.
After a resume of the law involving indemnity and the resort to third party practice in suits of this nature, the Supreme Court concluded:
"In summary, to allow a third party action for indemnity, as in the case sub judice, would not only incorrectly expand traditional concepts of indemnity to the point of making it indistinguishable from contribution, but also expand the applicability of the third-party rule and make it a tool whereby the tortfeasor is allowed to complicate the issues to be resolved in a personal injury suit and prolong the litigation through the filing of a third-party malpractice action.
"We therefore hold that Hertz Corporation, the initial tortfeasor, may not file a third-party complaint seeking indemnity for the alleged aggravation of the injuries by the negligence of the treating physician." Id. at 706.
In passing we should point out that in Hertz the third party plaintiff apparently sought only indemnification and one might argue that the case is authority only for the proposition that a claim for indemnity does not lie in that situation. However, there were other reasons ascribed for not allowing third party practice in a Hertz situation which equally apply to all of the third party plaintiff's claims in this case.
Accordingly, having reconsidered this case in the light of the recent decision of the Supreme Court of Florida in Stuart v. Hertz Corporation, supra, the order of the circuit court bearing date of August 1, 1974, dismissing the third party complaint with prejudice is affirmed.
AFFIRMED.
ALDERMAN, C.J., and MOORE, J., concur.