381 So.2d 1161 (1980)
Frank A. STUART, M.D., Frank A. Stuart, M.D., P.A., and Underwriters at Lloyds, Petitioners,
v.
The HERTZ CORPORATION, George Holbrook, Individually and As Father and Next Friend and Guardian Ad Litem of Stafford Holbrook, a Minor, Respondents.
No. 79-978.
District Court of Appeal of Florida, Fourth District.
March 12, 1980.
Rehearings Denied April 21, 1980.
*1162 James E. Tribble and James C. Blecke of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioners.
Nancy Little Hoffman and Pomeroy, Betts, Pomeroy & Moses, Fort Lauderdale, for respondents.
MOORE, Judge.
This is a petition for enforcement of a mandate issued by this Court, or in the alternative, a petition for writ of common law certiorari. Before discussing the merits of this petition, a brief review of the facts of this case and a more lengthy review of the circuitous procedural route taken by this case are necessary.
An automobile owned by respondent, Hertz Corporation (Hertz), collided with an automobile operated by a Mrs. Johnson who suffered orthopedic injuries in the accident. Mrs. Johnson underwent surgery performed by petitioner, Dr. Stuart, for these injuries. During the course of the surgery, Mrs. Johnson's carotid artery was allegedly severed, causing a neurological disability. Mrs. Johnson instituted suit against Hertz, who filed a third party complaint against petitioners seeking indemnity for any damages recovered as a result of the neurological injuries only. Petitioner's motion to dismiss the third party complaint was denied by the trial court.
Upon affirming the trial court's order denying the motion to dismiss the third party complaint, we stated:
[T]here is an equitable right to indemnity under certain factual considerations and particularly under the facts present in the case sub judice; a tortfeasor initially causing an injury has the right to seek indemnification against the physician for aggravating injury in the course of treatment... .
Stuart v. Hertz Corporation, 302 So.2d 187, 194 (Fla. 4th DCA 1974).
The Florida Supreme Court reversed our decision and held that such a third party action for indemnity could not be brought against the physician. Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977). The Court expressed several reasons for disallowing third party practice by an initial tortfeasor against a treating physician. First, the inclusion of the physician in the lawsuit would create a "hybrid doctrine of partial equitable indemnification which will most certainly lead to confusion and nonuniformity of application by the lower courts." 351 So.2d at 706. The Court believed that a third party suit for indemnity would in reality be more akin to contribution and implied that either of these theories of third party recovery are inappropriate to the situation involved in this case.
Secondly, the Court felt that such a third party suit would "confuse and obfuscate" the issue of the initial tortfeasor's liability and force the plaintiff to "concurrently litigate a complex malpractice suit in order to proceed with a simple personal injury suit." The Court stated that: "The complex issues of liability to be resolved in a medical malpractice action are foreign to the resolution of liability in the typical personal injury suit. 351 So.2d at 706. The issue *1163 of physician malpractice in aggravating injuries caused by the initial tortfeasor would be more expeditiously litigated in a separate lawsuit.
Thirdly, a third party lawsuit would eliminate the choice of the plaintiff-patient to determine the "time, forum and manner in which to press his claim" against his own physician. "The choice of when and whether to sue a treating physician is a personal one which rightfully belongs to the patient." A "complete outsider" to the physician-patient relationship should not determine when or how (or if) a patient shall sue his physician.
For all of the above cited reasons the Supreme Court quashed the decision of this Court and remanded the cause to this Court for the purpose of a further remand to the trial court with instructions to grant the motion to dismiss the third party complaint.
This Court entered its order on the Supreme Court's mandate, remanding the cause to the trial court, "with instructions to grant the motion to dismiss in accordance with the opinion of the Supreme Court." The trial court entered its order of dismissal, reciting
... [T]he motion of the third party defendants to dismiss the third party complaint be and the same is hereby granted, with prejudice, only as to gravamen of present complaint.

(The emphasis is supplied to reflect the trial judge's handwritten amendment to the typewritten order prepared by counsel.)
However, the respondents' motion to file another third party complaint, based upon a theory of contribution, against the petitioners, was granted. The petitioners moved to dismiss this complaint. While that motion was pending a consent judgment was entered between respondent, Hertz, and the initial plaintiffs. A satisfaction of the consent final judgment was then filed. Thereafter, the respondents filed an amended third party complaint seeking contribution and subrogation. Because the trial court denied their motion to dismiss the amended third party complaint, the petitioners now seek enforcement of our earlier mandate, or in the alternative, our writ of certiorari to review the denial of the motion to dismiss. They contend the trial court erred in holding that our mandate did not encompass a third party suit based on contribution and subrogation. We agree and enforce our mandate.
Our jurisdiction to review this petition is largely dependent upon whether the trial court complied with the mandate of this Court in allowing the respondents to file an amended third party complaint prior to the consent judgment between the initial plaintiffs and the respondents. This Court may issue any writ necessary or proper to the complete exercise of its jurisdiction. State ex rel. Rimmeir v. Milledge, 104 So.2d 355 (Fla. 1958); Wright v. Board of Public Instruction for County of Sumter, 100 So.2d 403 (Fla. 1958); Fla.R.App.P. 9.030(b)(3); Article V, Section 4(b)(3), Florida Constitution. We have the inherent power to enforce our mandates and to give such judgment, sentence or decree as the court below should have given. Posner v. Posner, 257 So.2d 530 (Fla. 1972); Cone v. Cone, 68 So.2d 886 (Fla. 1953); A.M. Klemm & Son v. City of Winter Haven, 141 Fla. 60, 192 So. 652 (1939).
When the mandate was received by the trial court, the court should have carried and placed into effect the order and judgment of this Court. Absent permission to do so, the trial court was without authority to alter or evade the mandate of this Court. It is obvious from a careful reading of Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977) and our subsequent holding in Ewell Engineering and Contracting Co. v. Cato, 361 So.2d 728 (Fla. 4th DCA 1978) that the mandate of this Court, derivative of the Supreme Court's own mandate, barring third party practice, encompasses not only actions for indemnity, but actions based on other theories as well. The sound policy for eliminating third party suits for indemnity in cases such as the instant one is equally well founded when applied to third party suits for subrogation or contribution.
The trial court was without authority, upon our mandate, to take any action other *1164 than dismissal of the third party complaint. It was therefore error to allow the filing of the amended third party complaint.
The decision reached in this case in no way prevents or discourages the respondents from instituting a separate lawsuit against the petitioners for contribution or subrogation. We have already expressed our support for such separate actions in City of Lauderdale Lakes v. Underwriters, 373 So.2d 944 (Fla. 4th DCA 1979).[1] However, in view of the Supreme Court's acceptance of jurisdiction we make no definitive statement as to the validity of such actions.
We thus reaffirm our mandate of December 28, 1977, and direct the trial court to dismiss the respondent's amended third party complaint against the petitioner.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] In this case, the Court upheld the right of the initial tortfeasor to initiate a separate lawsuit for subrogation against the negligent physician. In so holding, this Court certified the following question to the Florida Supreme Court as a matter of great public interest: DOES THE DECISION IN STUART V. HERTZ BAR A SEPARATE LAWSUIT BY THE INITIAL TORTFEASOR AGAINST A SUCCESSIVE TORTFEASOR WHO AGGRAVATES THE ORIGINAL INJURIES?

The Supreme Court of Florida has exercised its discretionary jurisdiction and granted a writ of certiorari to answer this question.