422 So.2d 38 (1982)
The HERTZ CORPORATION, Appellant,
v.
Frank A. STUART, M.D., Individually, Frank A. Stuart, M.D., P.A., Underwriters at Lloyds, Ruth Johnson McCutcheon and Louis N. McCutcheon, Her Husband, Appellees.
No. 81-1317.
District Court of Appeal of Florida, Fourth District.
October 13, 1982.
Rehearing Denied December 8, 1982.
George B. Pomeroy of Pomeroy, Betts & Pomeroy, and Nancy Little Hoffmann, Fort Lauderdale, for appellant.
James C. Blecke of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellees, Stuart and Underwriters at Lloyds.
Arnold R. Ginsberg of Horton, Perse & Ginsberg and George P. Telepas, Miami, for appellees, McCutcheon.
PER CURIAM.
This case and its progeny have a long and arduous history in the appellate courts of Florida. See: Stuart v. Hertz, 302 So.2d 187 (Fla. 4th DCA 1974); Stuart v. Hertz, 351 So.2d 703 (Fla. 1977); City of Lauderdale Lakes v. Underwriter at Lloyds, 373 So.2d 944 (Fla. 4th DCA 1979); Stuart v. Hertz, 381 So.2d 1161 (Fla. 4th DCA 1980); and Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980).
*39 In 1971, Mrs. McCutcheon was injured in an automobile accident with a Hertz owned car driven by a Hertz lessee. As a result of the auto accident, Mrs. McCutcheon was treated by Dr. Frank Stuart, who, it is alleged, was negligent in his medical treatment and greatly aggravated her initial injuries. McCutcheon initially sued Hertz and its driver in a personal injury suit. Hertz asserted a third party claim for indemnity against Stuart based on his aggravation of plaintiff's injuries. This litigation produced the three above cited Stuart v. Hertz opinions. Eventually, the McCutcheon v. Hertz personal injury action was disposed of when Hertz made a $1.1 million offer of judgment on the morning of trial. McCutcheon accepted the offer of judgment pursuant to Florida Rule of Civil Procedure 1.442. Judgment was entered against Hertz which was satisfied in full. Meanwhile, McCutcheon had filed a separate suit against Stuart seeking recovery for Stuart's alleged medical malpractice. This action, yet untried, remains pending in the Circuit Court.[1]
After paying McCutcheon $1.1 million, Hertz sued Stuart in a separate action on the theory of subrogation. Hertz alleged that all or part of the McCutcheon damages were caused or aggravated by Stuart's medical malpractice, that Hertz was nevertheless liable under the law for all of McCutcheon's damages (including those caused by Stuart), and that Stuart was liable in subrogation to Hertz by reason of its $1.1 million satisfaction to McCutcheon. Hertz alleged that its payment to McCutcheon extinguished that party's claim against Stuart and that McCutcheon had already received full payment for all damages due from Hertz or Stuart. Hertz also joined McCutcheon and Stuart in a prayer for declaratory relief on the issues of satisfaction, subrogation, and contribution. On motions of both defendants, Stuart and McCutcheon, the trial court dismissed the complaint with prejudice for failure to state a cause of action. Hertz appeals; we find error and reverse.
In Stuart v. Hertz, 381 So.2d 1161 (Fla. 4th DCA 1980), at 1164, we stated:
The decision reached in this case in no way prevents or discourages the respondents from instituting a separate lawsuit against the petitioners for contribution or subrogation. We have already expressed our support for such separate actions in City of Lauderdale Lakes v. Underwriters, 373 So.2d 944 (Fla. 4th DCA 1979). However, in view of the Supreme Court's acceptance of jurisdiction we make no definitive statement as to the validity of such actions.
In Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980), the Supreme Court considered the following certified question from this Court:
DOES THE DECISION IN STUART V. HERTZ [the prior Supreme Court opinion] BAR A SEPARATE LAWSUIT BY THE INITIAL TORTFEASOR AGAINST A SUCCESSOR TORTFEASOR WHO AGGRAVATES THE ORIGINAL INJURIES?
The Supreme Court answered this question in the negative holding that Hertz could state a cause of action in subrogation as a remedy affording an initial tortfeasor equitable apportionment of liability when a victim's injuries have been negligently aggravated by an attending doctor.
The allegations of the Hertz complaint herein are within the stated requirements of the relevant cases and, if those allegations are true, form a basis for relief. The trial court thus erred in concluding a cause of action had not been stated in subrogation. Further, under the special facts of this very complex litigation, we conclude that the declaratory decree aspect of the complaint was also proper and should be reinstated.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ANSTEAD, BERANEK and GLICKSTEIN, JJ., concur.
NOTES
[1] The McCutcheon v. Stuart medical malpractice action is not before us on this appeal.