PER CURIAM.
Our opinion in Dow Corning Corporation v. Garner, 423 So.2d 1034, 1035 (Fla. 4th DCA 1982), an earlier appearance before us of the instant case contained the following:
We find the orders compelling discovery contain sufficient safeguards to protect petitioner from disclosure of work product, trade secrets, and other privileged information.
In that case petitioner sought protection in discovery proceedings from (1) being required to produce documents alleged to be subject to certain privileges and (2) being required to bear the expense of production and copying.
*988 By its subsequent order of February 8, 1983, the trial court conditioned production upon the posting of bonds. The ultimate assessment of discovery costs was to be upon motion. Petitioner here questions the adequacy of the bonds. We find that certiorari is not an appropriate method of questioning the amount of the bonds because such a defect does not constitute a showing of irreparable harm not remediable upon plenary appeal.
The order of February 8, 1983, goes further, however, and eliminates (by substituting alternative methods) the very safeguards for production that we examined and approved in the earlier case. To that extent the order departs from our mandate and thus constitutes a departure from the essential requirements of the law.
We therefore grant certiorari and direct the trial court to enter an order containing the protections previously approved by this court. Because this may result in added costs of production the trial court may wish to reconsider the amounts of bonds required for the various categories of documents to be produced although we do not imply that the present amounts are either sufficient or insufficient.
CERTIORARI GRANTED.
DOWNEY, LETTS and HERSEY, JJ., concur.