452 So.2d 1 (1984)
DOW CORNING CORPORATION, Petitioner,
v.
Allibert GARNER, Kenneth L. Winslow, et al., Respondents.
No. 83-489.
District Court of Appeal of Florida, Fourth District.
January 11, 1984.
David F. McIntosh of Corlett, Killian, Hardeman, McIntosh & Levi, Miami, and Marc Cooper and Sharol L. Wolfe of Greene & Cooper, P.A., Miami, for petitioner.
Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for respondents.
PER CURIAM.
Dow Corning Corporation has filed a Motion to Enforce Mandate, said mandate having been issued by this court in Dow Corning Corp. v. Garner, 435 So.2d 987 (Fla. 4th DCA 1983). We treat the motion as a petition and accept jurisdiction since the trial court did not comply with the mandate of this court. See Stuart v. Hertz Corp., 381 So.2d 1161, 1163 (Fla. 4th DCA 1980). Accordingly, we grant the petition.
In 1982 the trial court issued two orders compelling discovery. We approved those orders as they contained "sufficient safeguards to protect petitioner from disclosure of work product, trade secrets and other privileged information." Dow Corning Corp. v. Garner, 423 So.2d 1034, 1035 (Fla. 4th DCA 1982). On February 8, 1983, the trial court changed the 1982 orders by substituting what we previously approved with what it considered an alternative safeguard. We granted Dow Corning's petition for writ of certiorari and directed the trial court "to enter an order containing the protections previously approved by this court." Dow Corning Corp., 435 So.2d at 988. Responding to this court's mandate and respondents' motion for a corrective order, the trial court entered an order on October 19, 1983. Instead of reinstating the protections provided in the 1982 orders, the trial court merely added another safeguard to the February 8th order. The trial court's actions apparently were based on petitioner's refusal to deface the original documents to be produced and court's view that the respondents were entitled to the original documents rather than photocopies.
"Absent permission to do so, the trial court on remand is without authority to *2 alter or evade the mandate of this court." Stuart, 381 So.2d at 1163.
In passing, we address a concern of the trial court and respondents. Under the rules of evidence, duplicates of documents are equally admissible as originals. § 90.953, Fla. Stat. (1981). Only where there is a question about authenticity, or where the document is a negotiable instrument, a security or a writing evidencing a right to the payment of money, or if for some other reason it would be unfair to admit the duplicate must the original be produced. Id. We fathom no reason why the original documents in the instant case need be produced, especially in light of the privileged matter contained therein.
Since the trial court departed from the essential requirements of the law in that it did not "enter an order containing the protections previously approved by this court," Dow Corning Corp., 435 So.2d at 988, we grant the petition. Again, we direct the trial court to enter an order containing the protections previously approved by this court.
PETITION TO ENFORCE MANDATE GRANTED.
DOWNEY, LETTS and HERSEY, JJ., concur.