463 So.2d 1226 (1985)
Ruth Johnson McCUTCHEON and Louis N. McCutcheon, Appellants,
v.
The HERTZ CORPORATION, a Delaware Corporation, Frank A. Stuart, M.D., Individually, Frank A. Stuart, M.D., P.A., and Underwriters at Lioyds, Appellees.
Nos. 83-2698, 84-138.
District Court of Appeal of Florida, Fourth District.
February 13, 1985.
Rehearing Denied March 18, 1985.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and George P. Telepas, P.A., Miami, for appellants.
Nancy Little Hoffmann of Hoffmann & Burris, P.A., and George B. Pomeroy of Pomeroy, Betts & Pomeroy, Fort Lauderdale, for appellee Hertz.
James C. Blecke of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellees Stuart and Underwriters.
*1227 DELL, Judge.
This appeal presents the question of whether an injured plaintiff who accepts an offer of judgment from the defendant who caused the initial injury may thereafter maintain an action against a physician who allegedly aggravated the initial injury. We answer this question in the negative and affirm the court below.
This is the fifth appearance of this case before the appellate courts.[1] In HERTZ IV, this court summarized the history of this case:
In 1971, Mrs. McCutcheon was injured in an automobile accident with a Hertz owned car driven by a Hertz lessee. As a result of the auto accident, Mrs. McCutcheon was treated by Dr. Frank Stuart, who, it is alleged, was negligent in his medical treatment and greatly aggravated her initial injuries. McCutcheon initially sued Hertz and its driver in a personal injury suit. Hertz asserted a third party claim for indemnity against Stuart based on his aggravation of plaintiff's injuries. This litigation produced the three above cited Stuart v. Hertz opinions. Eventually, the McCutcheon v. Hertz personal injury action was disposed of when Hertz made a $1.1 million offer of judgment on the morning of trial. McCutcheon accepted the offer of judgment pursuant to Florida Rule of Civil Procedure 1.442. Judgment was entered against Hertz which was satisfied in full. Meanwhile, McCutcheon had filed a separate suit against Stuart seeking recovery for Stuart's alleged medical malpractice. This action, yet untried, remains pending in the Circuit Court.
After paying McCutcheon $1.1 million, Hertz sued Stuart in a separate action on the theory of subrogation. Hertz alleged that all or part of the McCutcheon damages were caused or aggravated by Stuart's medical malpractice, that Hertz was nevertheless liable under the law for all of McCutcheon's damages (including those caused by Stuart), and that Stuart was liable in subrogation to Hertz by reason of its $1.1 million satisfaction to McCutcheon. Hertz alleged that its payment to McCutcheon extinguished that party's claim against Stuart and that McCutcheon had already received full payment for all damages due from Hertz or Stuart. Hertz also joined McCutcheon and Stuart in a prayer for declaratory relief on the issues of satisfaction, subrogation, and contribution. On motions of both defendants, Stuart and McCutcheon, the trial court dismissed the complaint with prejudice for failure to state a cause of action. Hertz appeals; we find error and reverse.
Id. at 39 (footnote omitted). On remand, the trial court considered the declaratory judgment action on its merits and found that the cause of action against Stuart for malpractice resides in Hertz. It entered a judgment in favor of Hertz in the declaratory judgment action, and it dismissed McCutcheon's separate complaint against Stuart. McCutcheon appeals.
In HERTZ 1, this court concluded that the defendant, Hertz, had an equitable right to indemnity from Stuart, the third party defendant, and held that an initial tortfeasor could maintain a third party malpractice action as part of the initial litigation.
On certiorari review, Hertz II, the Supreme Court disagreed with our conclusion and quashed the Hertz I opinion, for reasons which are not material to the point presented here. As part of its legal analysis, however, the Court held that Hertz, the initial tortfeasor, was liable for all of McCutcheon's injuries, including those caused by the alleged negligence of Stuart:
Where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician *1228 or surgeon, and in following his advice and instructions, and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor.
351 So.2d at 707, quoting J. Ray Arnold Corp. v. Richardson, 105 Fla. 204, 141 So. 133, 135 (1932). See also Texas & Pacific Ry. Co. v. Hill, 237 U.S. 208, 35 S.Ct. 575, 59 L.Ed. 918 (1915).
Justice Overton anticipated the question before us today in his Hertz II dissent:
A plaintiff should not be allowed to recover for the same wrong from both tortfeasors, which may be possible under the majority opinion as I understand it.
Id. at 708.
This is precisely the situation sub judice. McCutcheon, having collected a 1.1 million dollar judgment as compensation for all damages for which Hertz was responsible, seeks to pursue a medical malpractice action against Stuart. Additionally, after Hertz II, the Supreme Court considered the following question in Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702, 703 (Fla. 1980):
DOES THE DECISION IN STUART V. HERTZ [HERTZ II] BAR A SEPARATE LAWSUIT BY THE INITIAL TORTFEASOR AGAINST A SUCCESSOR TORTFEASOR WHO AGGRAVATES THE ORIGINAL INJURIES?
The Supreme Court answered this question in the negative, thereby providing for a separate subrogation action between initial and subsequent tortfeasors. Therefore, in addition to McCutcheon's potential double recovery, Underwriters at Lloyds raised the possibility that Stuart will face double liability: to McCutcheon, in her separate malpractice action and to Hertz, in its authorized separate subrogation action.
The resolution of this dilemma lies in the proper interpretation of the effect of McCutcheon's acceptance of Hertz's offer of judgment. The trial court concluded that only one cause of action remains against Stuart, and that it resides in Hertz. It therefore dismissed McCutcheon's separate suit against Stuart. McCutcheon here argues that by dismissing her suit, the trial judge denied her a day in court against Stuart.
We agree with the trial court. When McCutcheon accepted Hertz's offer of judgment, it is undisputed that her claim included not only the damages caused by Hertz's driver but also the damages allegedly caused by Stuart. McCutcheon could have rejected the offer and presented the claim to the jury, or she could have offered to accept upon the condition that the judgment would represent compensation only for damages caused by Hertz and its driver, reserving her claim against Stuart. Hertz would then have had the option to accept the conditions or to reject them. The record fails to demonstrate that McCutcheon did either of these things. Instead, she accepted the offer of judgment without qualification as full settlement of all claims pending against Hertz. As early as Hertz II, these claims have been held to include damage allegedly caused by Stuart. The trial court's declaratory judgment in favor of Hertz and dismissal of McCutcheon's complaint against Stuart are perfectly consistent with the law of this case and with Underwriters at Lloyd's, and avoid the unjust result which concerned Justice Overton in his Hertz II dissent.
Accordingly, we affirm the final summary judgment in favor of Hertz and dismissal of McCutcheon's complaint against Stuart.
AFFIRMED.
HERSEY and WALDEN, JJ., concur.
NOTES
[1] Stuart v. Hertz Corp., 302 So.2d 187 (Fla. 4th DCA 1974) [HERTZ I]

Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977) [HERTZ II]
Stuart v. Hertz Corp., 381 So.2d 1161 (Fla. 4th DCA 1980) [HERTZ III]
Hertz Corp. v. Stuart, 422 So.2d 38 (Fla. 4th DCA 1982) [HERTZ IV]