493 So.2d 1133 (1986)
Gertrude KNUTSON and Gustav Knutson, Her Husband, Appellants,
v.
LIFE CARE RETIREMENT COMMUNITIES, INC., D/B/a Abbey Delray South, Etc., Appellee.
No. 85-2597.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, for appellants.
Jill A. Van Derven of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellee.
DELL, Judge.
Gertrude and Gustav Knutson appeal the entry of a summary judgment against them and in favor of appellee Life Care Retirement Communities, Inc. (nursing home). Mrs. Knutson suffered head injuries in an automobile accident, caused by *1134 Timothy Douglas. While convalescing at the nursing home she sustained injuries to her hip because of a fall from her bed.
In July, 1983, the Knutsons filed suit against Timothy Douglas and his insurance carrier for the injuries sustained in the auto accident. That complaint did not allege any ultimate facts regarding the subsequent fall at the nursing home or seek damages for the subsequent hip injuries. On October 2, 1984, the Knutsons entered into a settlement with Timothy Douglas and Northumberland General Insurance Company. The release provided that the Knutsons remised, released, acquitted, satisfied, and forever discharged Timothy Douglas and Northumberland General Insurance Company
of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, convenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said first party, hereafter can, shall or may have, against said second party, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents, and more specifically that certain law suit filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida styled GERTRUDE KNUTSON and GUSTAV KNUTSON, her husband, Plaintiffs, vs. NORTHUMBERLAND GENERAL INSURANCE COMPANY, a foreign corporation and TIMOTHY DOUGLAS, an individual, Defendants, Case Number 83-3916 CA (L) B.
In January, 1985, the Knutsons filed the present lawsuit against the nursing home for the hip injuries. The complaint did not mention the previous auto accident and sought damages only for the hip injury. The nursing home did not raise the release as an affirmative defense in its answer.
The nursing home moved for summary judgment based upon Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977) (Hertz II) and McCutcheon v. Hertz Corp., 463 So.2d 1226 (Fla. 4th DCA 1985).[1] It argued that because the Knutsons released Douglas and his insurance company from any and all claims arising out of and associated with the automobile accident, that it, as a subsequent tortfeasor, was also released because Douglas was responsible for all injuries occurring, including any subsequent acts of malpractice. The trial judge granted the summary judgment expressly upon the authority of Hertz II and McCutcheon, and dismissed the action against appellee with prejudice. The issue for our determination is whether the trial court erred by granting summary judgment on the basis of Hertz II and McCutcheon. We hold that it did.
A brief recitation of the factual background of the Hertz cases is necessary at this point. Ruth McCutcheon was injured in an auto accident caused by the negligence of the driver of an automobile owned by the Hertz Corporation. Immediately following the accident, McCutcheon was treated by Dr. Stuart for the injuries she had sustained. Stuart, while performing surgery, negligently severed her carotid artery thus aggravating her injuries. Hertz I, 302 So.2d at 189. McCutcheon sued Hertz and the driver in a personal injury action. Hertz attempted to assert a third party claim for indemnity against Stuart for the aggravation of McCutcheon's injuries.
In Hertz I, this court concluded that an indemnity action would be allowed under these facts. In Hertz II, the supreme court reversed and held the initial tortfeasor may not file a third-party complaint seeking indemnity for the alleged aggravation of injuries *1135 caused by the negligence of a treating physician. The supreme court recognized the rule from J. Ray Arnold Corporation v. Richardson, 105 Fla. 204, 141 So. 133 (1932), that an initial tortfeasor's negligence in causing the original injury is considered the proximate cause of the damages from the subsequent malpractice and concluded that the initial tortfeasor was liable for the aggravation of injuries caused by the treating physician. 351 So.2d at 707. Nevertheless, the supreme court held that an injured plaintiff is not required to combine actions against the initial tortfeasor and the subsequent tortfeasor even though the initial tortfeasor is considered liable for all of the injuries. The court reasoned that
[a]n active tortfeasor should not be permitted to confuse and obfuscate the issue of his liability by forcing the plaintiff to concurrently litigate a complex malpractice suit in order to proceed with a simple personal injury suit. To hold otherwise would in effect permit a defendant to determine the time and manner, indeed the appropriateness, of a plaintiff's action for malpractice. This decision eliminates the traditional policy of allowing the plaintiff to choose the time, forum and manner in which to press his claim.
The choice of when and whether to sue his treating physician for medical malpractice is a personal one which rightfully belongs to the patient.
351 So.2d at 706.
Notwithstanding the decision in Hertz II, the trial court apparently applied the rule from J. Ray Arnold Corporation and held that Mrs. Knutson's release of Douglas also released the nursing home.
This result is inconsistent with Hertz II and our decision in McCutcheon. In McCutcheon, we held that McCutcheon, after accepting an offer of judgment from Hertz, could not thereafter maintain an action against Dr. Stuart for malpractice because it was undisputed that her claim against Hertz included not only the damages caused by Hertz's driver but also the damages caused by Stuart's subsequent malpractice.
We agree with the trial court. When McCutcheon accepted Hertz's offer of judgment, it is undisputed that her claim included not only the damages caused by Hertz's driver but also the damages allegedly caused by Stuart. McCutcheon could have rejected the offer and presented the claim to the jury, or she could have offered to accept upon the condition that the judgment would represent compensation only for damages caused by Hertz and its driver, reserving her claim against Stuart. Hertz would then have had the option to accept the conditions or to reject them. The record fails to demonstrate that McCutcheon did either of these things. Instead, she accepted the offer of judgment without qualification as full settlement of all claims pending against Hertz. As early as Hertz II, these claims have been held to include damage allegedly caused by Stuart.
463 So.2d at 1228.
The record before us does not present any facts that would show it was undisputed the Knutsons included their claims against the nursing home in their initial complaint or in their release of Douglas and his insurance company. Instead, the record indicates the Knutsons chose to separate the claims and bring separate actions against the two tortfeasors as Hertz II allows. We also note that the release executed by the Knutsons specifically releases Douglas and his insurance carrier but does not mention appellee. In Hunt v. Leatherby Insurance Co., 380 So.2d 432, 434 (Fla. 1980), the court said:
[W]hether a general printed release [containing the phrase "and any other person, corporation, association or partnership which might be charged with responsibilities for injury to person or property"] is effective to discharge other than specifically named tortfeasors is a question of fact.
*1136 We reverse the summary judgment and remand for further proceedings consistent herewith.
REVERSED and REMANDED.
HERSEY, C.J., and GUNTHER, JJ., concur.
NOTES
[1] These cases are two of five appellate decisions resulting from the same lawsuit: Stuart v. Hertz Corp., 302 So.2d 187 (Fla. 4th DCA 1974) Hertz I; Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977) Hertz II; Stuart v. Hertz Corp., 381 So.2d 1161 (Fla. 4th DCA 1980) Hertz III; Hertz Corp. v. Stuart, 422 So.2d 38 (Fla. 4th DCA 1982) Hertz IV; McCutcheon v. Hertz Corp., 463 So.2d 1226 (Fla. 4th DCA 1985).