PER CURIAM.
The non-final order under review is, in part, a discovery order for inspection and copying, and as to that aspect of it, we affirm. However, the order in question also appears to direct that Appellant’s original aircraft travel and maintenance records, the possession of which constitutes the very subject of a replevin counterclaim in this litigation, be delivered to Appellee, and as to that issue, the order is reversed.
Pre-judgment replevin is governed by the requirements of chapter 78, Florida Statutes. There is nothing in the record reflecting that the trial court has, at this point in the proceeding, heard evidence that Appellee is entitled to the prejudgment possession of this personal property. Although the court earlier had conducted a hearing on a motion for an order to show cause with regard to Appellant’s claim to possession of an aircraft in issue, which was resolved adversely to Appellant, no evidentiary hearing has been held on the replevin count directed at possession of the related documents.
There is also no basis in the record for concluding that Appellee has demonstrated entitlement to the original documents incident to its discovery request. Cf. Dow Corning Corp. v. Garner, 452 So.2d 1 (Fla. 4th DCA1984).
Therefore, we affirm in part, reverse in part, and remand for further proceedings.
DELL, STONE and GROSS, JJ., concur.