FARMER, J.,
specially concurring.
I join in Judge Taylor’s opinion without reservation and write only to add a thought to her cogent analysis.
The jury instruction (JI) concerning defendant’s liability for the doctor’s negligence in treating plaintiff for injuries caused by defendant is a problem. I assume this is either intervening or concurring causation or something of both. At any rate, I doubt that lay jurors easily pick up this complex legal concept. Truth be told, some lawyers have trouble with it.
The issue concerns whether the law recognizes the doctor treating the victim for an injury caused by another person as part of a connected chain of causation for the victim’s set of injuries. Or, instead, is the treating doctor an entirely disconnected actor and any further injuries caused by the doctor a separate matter for which the first actor is not responsible?
As Judge Taylor shows, the answer is that the law considers the treating doctor’s negligence[2] in rendering medical care to the victim for the initial injuries as part of the consequences caused by the original actor’s negligence that required the medical treatment. Stuart v. Hertz Corp., 351 So.2d 703 (Fla.1977). This liability is not something erupting from nowhere because it is foreseeable by the first negligent actor.
Now, we all know that negligent people causing accidents don’t go around before the event thinking about what might happen to a victim during medical treatment for injuries they accidentally cause. But the fiction is that, if they did think about it, they could reasonably anticipate a doctor treating such injuries might make them worse. You cannot injure a person and reasonably expect the victim not to seek medical treatment for the injuries you caused; doctors are human and sometimes make things worse. That is the legal principle the JI must teach. But in a way readily comprehensible by someone who did not spend three years in law school.
Which brings me thus. Here is a subject begging for a good dose of plain English. In this case the special JI proposed by plaintiff is hopelessly muddled. If you persist in digging through it, you can eventually discern a correct statement of law on concurring or intervening cause by a subsequent treating doctor somewhere within. But I sure wouldn’t want to try this one out on lay jurors.
We do have a standard jury instruction (FSJI) which if adapted for this case might read:
Negligence may also be a legal cause of injury even though it operates in combination with the act of another occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such injury.
See Fla. Std. Jury Instr. (Civ.) 401.12c. This is a generic instruction for concurring or intervening negligence. From a plain English perspective, I don’t think this FSJI is satisfactory in cases of liability for later negligent medical treatment. I therefore offer the following draft of a JI for this subject until a standard one can be approved:
The next issue for your consideration is the claim that (defendant) is liable for the negligence of (doctor) *124 (hospital) (nurse) in treating (claimant) for injuries he claims to have suffered in (event). A person responsible for negligently injuring another may also be further liable for the ensuing negligence of any health care provider treating the injured party if:
1. injuries caused by the negligence of (defendant) reasonably required medical care or treatment by a health care provider;
2. a health care provider gave (claimant) medical care or treatment for injuries caused by (defendant) in (event); and
3. (Claimant) did not unreasonably fail to comply with that health care provider’s medical advice and instructions.
Again, this is just a suggestion. But the FSJI needs a specific instruction for this complex legal subject.

. Here, a mistake in judgment amounting to medical negligence.