LEVINE, J.,
dissenting.
I respectfully dissent from the majority opinion.
In this case, appellant filed a motion in limine to prevent the defense from arguing that appellant’s medical surgery was not reasonable or necessary. The trial court granted the motion in limine based on case law from this court. Appellee violated the order in limine by directly asking the defense medical witness a question contrary to the order. Based on this improper line of questioning, I would reverse for a new trial.
Prior to trial, appellant filed a motion in limine which included the following requests:
24. An expert may properly explain ■his or her opinion on an issue in controversy by outlining the claimed deficiencies in the opposing expert’s methodology so long as the expert does not attack the opposing treating physician or retained expert’s ability, credibility, reputation or competence.
[[Image here]]
34. That any of the Plaintiffs treating physicians have committed medical malpractice or medical negligence or suffered any negative repercussions from the care rendered.
[[Image here]]
36. CME doctors are precluded from providing testimony wherein they opine that a Plaintiffs surgery was not reasonable or not necessary....
(citations omitted).
Subsequently, the trial court issued an order that listed rulings for all of appellant’s requests in the motion in limine, which included the following as it related to requests numbered 24, 34, and 36:
24. Agreed upon by counsel;
[[Image here]]
34. Agreed as to this case;
[[Image here]]
36. Granted;
At a hearing regarding a supplemental motion in limine, appellant brought up the fact that the predecessor judge previously granted a motion in limine limiting the defense’s CME doctor to opinions expressly in their reports, which was request number 9 in appellant’s original motion in li-mine. The trial court then reviewed the predecessor judge’s order and stated the following:
THE COURT: I mean, I am looking at this order on plaintiffs motion in limine, and it really does not tell me a lot. It’s numbered and says not ruled upon, agreed by counsel. I have no idea what any of this means.
[PLAINTIFF’S COUNSEL]: Number nine is the one we are talking about.
THE COURT: Nine, granted. Yeah, that is all it says, granted. Granted as to what. Are you kidding me, two years ago. Whatever.
Hopefully, you know, because there is a bunch of them here that says denied without prejudice to making contemporaneous objections. Before offered, there must be a proffer outside of the presence of jury. I have no idea.
*51 That’s why when I am presiding over a trial, I want the motion in limine like the week before, so I remember. I would never do a motion like this two years before. And then have another judge rely on it. I mean, I have no idea.

So hopefully, you all know and you are goiny to have to raise your objections because I don’t know what has been done.

[PLAINTIFF’S COUNSEL]: Yes, Your Honor. I mean, I was not even involved in the case.
THE COURT: On Dr. Schumacher’s opinion, it is granted in part. I guess it is an ora [sic] tenus motion. Granted in part and denied in part. His opinions may not change. If there is any question about him updating or supplementing or changing the opinion in any way, we need to proffer that part of the testimony before we proceed to the jury.
I am not going to limit him to say, you could only rely or review records in 2001. If he has looked at records since then, without admitting the contents of those records or disclosing the contents, the details of those records, then I will reserve on that issue subject to a proffer.
I don’t know what you are, or what he is trying to get in something, whether it is something that you have provided or it is additional treatment.
(emphasis added).
The majority believes that the second statement in bold, reminding the parties to object, effectively vacated the motion in limine granted by the predecessor judge regarding forty-five specific requests. However, it appears just as likely that the trial court was referring to the first statement in bold, reminding the parties to object if the motions were denied without prejudice, or contemporaneously object if it was one of the items not ruled upon.
The order of the prior judge included twenty requests agreed to by the parties; four requests denied by the court, including two requests denied without prejudice to making contemporaneous objections; five requests granted by the court; fifteen requests not ruled upon; and one request requiring a proffer outside the presence of the jury before evidence is offered. Nowhere in the record is there any reference directly stating or alluding to the fact that all of the prior motions in limine granted, denied, or denied without prejudice had been vacated.
In fact, the best evidence that the trial court did not vacate the order in limine— specifically as to items 24, 34, and 36 — is appellee’s own brief. After listing requests 16, 24, 34, and 36, appellee concedes to the following in its answer brief: “The trial court entered a written order denying request number 16, and the remainder of the requests were agreed by the parties or granted by the trial court. (R: 105-106).” Appellee argues that appellee’s questioning of the CME doctor “did not violate the Order in Limine.” Nowhere does appellee even argue or hint that the trial court’s order was vacated. All parties argue under the clear assumption that the order in limine as to requests 24, 34, and 36 was not vacated.
“Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance.” Douglass v. Buford, 9 So.3d 636, 637 (Fla. 1st DCA 2009); Farneth v. State, 945 So.2d 614, 617 (Fla. 2d DCA 2006) (“A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact.”). “Relatedly, we ‘cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so.’ ” Featured Props., LLC v. BLKY, LLC, 65 So.3d *52 135,137 (Fla. 1st DCA 2011) (quoting Bueno v. Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009)). Where the record lends itself to differing interpretations in retrospect, the appellate court should restrict itself to the record as understood by all the parties.
If the record does not clearly support a finding that the motion in limine has been vacated, then appellant did preserve the record on the violation of requests 24, 34, and 36. “Section 90.104(1) was amended in 2003 to provide that, ‘If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.’” Charles W. Ehrhardt, Florida Evidence § 104.5 (2014 ed.). It would be unfair to require appellant to object to evidence introduced in violation of the previously-granted requests in limine — specifically 24, 34, and 36 — where the record does not clearly support that the trial court vacated the order granting those requests. Appellant would correctly rely on section 90.104(1), which states that appellant need not object in order to preserve the issue, where the trial court has previously granted requests within the motion in limine and where the “vacating” of the entire motion in limine is not clear to the parties. “[I]t is imperative that the in limine order be clear and that all parties concerned have an accurate understanding of its limitations.” Reidelberger v. Highland Body Shop, Inc., 83 Ill.2d 545, 48 Ill.Dec. 237, 416 N.E.2d 268, 271 (1981).
In Reidelberger, a predecessor judge granted a motion in limine prohibiting certain questions regarding the speed and movement of the decedent’s vehicle. During trial, the successor judge made several statements adopting differing restrictions as to testimony regarding the ■ vehicle’s movement and speed, inconsistent with the original limine order. The Illinois Supreme Court found that the trial court’s rulings during trial were not sufficiently specific or clear. As such, violations of these new rulings could not support a basis for granting a new trial. Similarly, in the present case, the trial court’s ruling was not sufficiently specific or clear to support a finding that the trial court intended to vacate the original order in limine. Because the trial court’s statements were ambiguous as to any intention to modify or vacate the limine order, the original order in limine controlled.
The majority argues that even if “the trial court did not intend to overrule the entire order in limine and that issue is preserved, we would still affirm.” I also respectfully disagree. Clearly, the questions asked by appellee violated the previously granted motion in limine. During trial, appellee elicited the following testimony from Dr. Schumacher:
Q Based on your examination, your education, experience and training, based on your review of the medical records, do you have an opinion within a reasonable degree of medical probability as to whether this auto accident in 2-5-08 caused or necessitated the neck and back surgeries in 2008 and 2009?
A Well, all I can say in my practice, I wouldn’t prescribe surgery in this case for someone with back and neck pain and MRI’s that don’t show anything on there that is pushing on something, or show on examination an objective neuro-logic deficit.
That doesn’t mean that if he had surgery, it is not malpractice if someone did. It is just my practice and the way I was trained that I would not prescribe surgery for that.
The questions asked by appellee violated the specific order in limine of the trial *53 court. The trial court granted request 36 in which appellant requested that “CME doctors [be] precluded from providing testimony wherein they opine that a Plaintiffs surgery was not reasonable or not necessary.”
In a line of cases starting with Stuart v. Hertz Corp., 351 So.2d 703, 706 (Fla.1977), Florida courts have concluded that “[a]n active tortfeasor should not be permitted to confuse and obfuscate the issue of his liability by forcing the plaintiff to concurrently litigate a complex malpractice suit in order to proceed with a simple personal injury suit.” This is because “the rule is well established that a wrongdoer is liable for the ultimate result, although the mistake or even negligence of the physician who treated the injury may have increased the damage which would otherwise have followed from the Original wrong.” Id. at 707 (quoting 57 Am. Jur. 2d Negligence § 149, at 507).
Applying Stuart, this court has stated that a “third-party malpractice claim could not be tried as part of the main lawsuit over the plaintiffs objection.” Nason v. Shafranski, 33 So.3d 117, 121 (Fla. 4th DCA 2010). This court concluded that “ ‘unnecessary surgery may constitute medical malpractice where it deviates from the standard of care.’ Although the defendants carefully avoided the term ‘malpractice’ during trial, Dr. Schumacher’s testimony and the defendants’ closing argument clearly placed this issue before the jury.” Id. (citation omitted).
In the present case, the same Dr. Schu-macher testified effectively that the surgery was unnecessary and that he would not have prescribed surgery in this case. As stated before by this court, unnecessary surgery could constitute medical malpractice. Further, in this case, the question and answer by Dr. Schumacher not only violated the order in limine, but also clearly placed the necessity of appellant’s surgery before the jury. See Dungan v. Ford, 632 So.2d 159 (Fla. 1st DCA 1994) (finding trial court reversibly erred in admitting testimony that plaintiff received inappropriate medical treatment for injuries sustained in an automobile accident).
The testimony of Dr. Schumacher relied on by appellant in his motion for new trial is relevant to a harmless error analysis.[2] The error is not harmless because it cannot be said it is more likely than not that the improper testimony in violation of the order in limine “did not influence the trier of fact and thereby contribute to the verdict.” Special v. Baux, 79 So.3d 755, 771 (Fla. 4th DCA 2011).
During trial, Dr. Schumacher testified as follows:
Q Based on your examination, education and experience and training, and based on your review of the medical records, do you have an opinion within a reasonable degree of medical probability as to whether this auto accident on 2-5-08 caused a minor soft tissue injury?
A Well, I would say yes, but that comes down to subjectivity and the word of the person that gives it to you. If they say — and many of us have had this, where you might have fallen or been in an accident or what have you, where you have a stiff neck the next day. That’s what we call a minor soft tissue injury.
They don’t necessarily show up on a x-ray or MRI scan, but we do believe it is microscopic. And it does cause some spasm, but if there is no radiology that shows an injury. That should spontane *54 ously resolve or resolve with some mild massage, what have you, in a couple weeks to a few months at the latest.
(emphasis added).
In this case, Dr. Schumacher, the defense medical witness, conceded that appellant had suffered soft tissue injury as a result of the 2008 accident. However, the jury answered “No” to the first question on the verdict form, which asked, “[W]as there negligence on the part of [defendant] which was the legal cause of loss, injury or damage to [plaintiff].” Based on the testimony and admission of Dr. Schumacher as to appellant’s resulting soft tissue injury, the placing of inadmissible evidence before the jury in violation of the granted motion in limine cannot be said to be harmless error. See Special, 79 So.3d at 771.
In conclusion, I would reverse based on the violation of the order in limine, and I would find the admission of this evidence before the jury was not harmless error.

. Because I would reverse based on the violation of the order in limine, it is not necessary to address the merits of the motion for new trial.