555 So.2d 450 (1990)
Kamal PETERS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0145.
District Court of Appeal of Florida, Fourth District.
January 17, 1990.
H. Dohn Williams, Jr. of H. Dohn Williams, Jr., P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
McNULTY, JOSEPH P., Associate Judge.
Appellant pleaded guilty to three counts of dealing in stolen property and was placed on probation, as a condition of which he agreed to make restitution to the three victims of the underlying burglaries. At an obviously abbreviated evidentiary hearing to determine the amounts of restitution, the trial court accepted each victim's *451 own assessment of his total losses in the burglaries, less any insurance recovery. The court then ordered restitution in the amounts of $10,325.00 to victim Pennington and $18,883.00 to victim Simpson. Appellant appeals from these findings but does not challenge the amount ordered paid to the third victim. We reverse.
Section 775.089(1)(a), Florida Statutes (Supp. 1988), authorizes a sentencing court, after a hearing, to "... order the defendant to make restitution ... for damage or loss caused directly or indirectly by the defendant's offense." (Italics added.) Subsection (6) of that section instructs the court further to consider not only the amount of the victims' losses but the ability of the defendant to pay. Subsection (7) places the burden of establishing victims' losses on the state.
Here, to begin with, it appears that one Matthew Mink was the burglar in each of the underlying burglaries. He testified by deposition that he and appellant had an ongoing three year relationship. Mink randomly would burglarize houses without appellant's specific knowledge, participation or input and steal as much of everything as he could carry; but appellant would fence only jewelry-type items. Mink further testified that in the instant cases he did not even offer all the items to appellant. We think this evidence is insufficient from which to "... determine the proportion of the total losses attributable to the [appellant's] offense as ..." required by section 775.089(1)(a).
Notwithstanding, and apparently on a conspiracy or agency theory, the trial court found a "... sufficient nexus ..." in the "relationship" between Mink and appellant to justify assessment against appellant of restitution for the total of the victims' burglary losses. In this respect this case is inapposite to Spivey v. State, 531 So.2d 965 (Fla. 1988), in which stipulated accomplices to a robbery, acting in concert, were held responsible jointly and severally for the victim's losses. This case more closely resembles Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA 1987), in which the court held that the defendant there could only be assessed restitution to the extent the evidence showed he was criminally involved in the burglary in that case, or to the extent he received unrecovered property stolen in the burglary. See also Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985).
We return now to the amounts assessed here. We hold that the state failed in its burden to establish the fair market value of any of the property stolen as of the time of the theft, which is required. Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989). Absent a sufficient predicate showing a basis for such an opinion, the mere opinion of the victims as to the value of their lost property, as here, is insufficient to establish that value. Even less is it sufficient when, again as here, the victims' opinions to a large extent were "estimates."
Finally, we note that while the burden was on appellant to establish inability to pay the amounts assessed, see section 775.089(7), there was virtually no evidence below bearing on appellant's ability to pay some $29,000.00 in restitution. A condition of probation, however, ought not be impossible of performance; and lest there be a likelihood of subsequent burdensome probation violation proceedings, a trial judge in the interest of judicial economy should have some feel as to whether a condition of probation can be met or is impossible.
In view of the foregoing, the order of restitution herein is reversed and the cause is remanded for further proceedings not inconsistent herewith.
DOWNEY and WALDEN, JJ., concur.