601 So.2d 604 (1992)
In the Interest of J.M., a child.
No. 91-2613.
District Court of Appeal of Florida, Fourth District.
June 17, 1992.
*605 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant J.M.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee State of Fla.
PER CURIAM.
J.M., a fourteen-year-old child, timely appeals from an order of restitution ordering him to pay for the replacement cost of two bicycles. We reverse.
Appellant was charged with the theft of a bicycle with a value less than $300.00 (petit theft). At arraignment on July 2, 1991, appellant entered a plea of no contest to petit theft. The trial court ordered a predisposition report and set a disposition and restitution hearing for July 30, 1991. At the restitution hearing, the court asked whether appellant had a lawyer to represent him. Appellant stated he did not. The court then stated:
Okay. You have the right to have an attorney represent you at this point in time for the hearing and your disposition and if you can't afford one you can have one appointed free. Did you want to have a lawyer with you?
Appellant: No, sir.
The court then commenced the restitution hearing. At its conclusion, the trial court ruled that appellant should be held jointly and severally liable with another boy involved in the theft for making restitution to the victims. As a result, appellant was ordered to pay the replacement value of two bicycles, amounting to $583.00, which was the amount the other boy was ordered to pay, minus any amount paid by the other boy.
Appellant argues that the trial court erred when it accepted his waiver of counsel at the restitution and disposition hearing without making inquiry to determine that his waiver was voluntarily and intelligently made. We agree. It is evident from the record that the colloquy here was insufficient for the court to make a proper determination regarding appellant's ability to appreciate his rights and the consequence of waiving legal representation. See K.M. v. State, 448 So.2d 1124, 1125 (Fla. 2d DCA 1984). Such inquiry for a juvenile must be at least equal to that accorded an adult defendant. A trial court should be even more cautious when accepting a waiver of counsel from a juvenile. Id.; G.L.D. v. State, 442 So.2d 401, 404 (Fla. 2d DCA 1983). In fact, if a waiver is accepted at any stage of the proceedings, the court must renew the offer of assistance of counsel at each subsequent stage at which the party appears without an attorney. J.G.S. v. State, 435 So.2d 942 (Fla. 2d DCA 1983); Fla.R.Juv.P. 8.290(a) and § 39.041(1), Fla. Stat. (Supp. 1990). "Since it is unlikely that a child can understand the importance of counsel, a juvenile judge must make certain that the child or his parents understand the right to counsel and that any waiver is intelligently and validly made." State v. Conkling, 421 So.2d 1108, 1111 (Fla. 5th DCA 1982). We reverse the order of restitution and remand *606 for a new hearing consistent with the foregoing authority.
We also find merit in appellant's second point on appeal that the amount of restitution ordered was error. Appellant stole one bicycle. Section 39.054(1)(f), Florida Statutes (Supp. 1990), provides that a court "may order the child or parent to make restitution in money or in kind for any damage or loss caused by the child's offense... ." See also Reeves v. State, 560 So.2d 1368 (Fla. 5th DCA 1990), Denson v. State, 556 So.2d 823 (Fla. 1st DCA 1990), and Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990). Thus, the trial court did not possess the authority to order appellant to pay for both bicycles. As to the amount that may be ordered to replace the bicycle, the court must determine the fair market value of the bicycle at the time of the theft. Peters; Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989).
Appellant's third argument is that the trial court failed to conduct an inquiry regarding his ability to pay prior to ordering restitution, pursuant to section 39.054(1)(a)2, Florida Statutes (Supp. 1990). We agree. The inquiry is mandatory. D.G. v. State, 516 So.2d 15 (Fla. 3d DCA 1987). The court's failure to conduct such inquiry in this instance constitutes reversible error. R.F. v. State, 549 So.2d 1169 (Fla. 4th DCA 1989). We are not persuaded by the state's argument that appellant failed to object below to imposition of restitution on these specific grounds. Because appellant child was not represented by counsel and the court failed to make the requisite inquiry whether he knowingly and intelligently waived legal representation, appellant cannot now be held to that standard.
Accordingly, we reverse and remand this cause for proceedings consistent with this opinion.
GLICKSTEIN, C.J., and GUNTHER and POLEN, JJ., concur.