PER CURIAM.
This is the second time this case has been appealed to this court. Peters had been convicted of dealing in stolen property and as a condition of probation was ordered to pay restitution to three victims; Ms. Pennington, Mr. Simpson, and Mr. Hasle. On appeal Peters only challenged the amount due to Ms. Pennington and Mr. Simpson. In Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990), this court reversed the restitution awards as to Pennington and Simpson and remanded with directions to hold a new restitution hearing. Id. at 451. Prior to the restitution hearing on remand, Simpson secured a civil theft award of $28,375.00 against Peters. Consequently, Peters then moved to set a hearing to determine restitution solely as to Pennington. Before the trial court held the hearing, Peters moved to dispense with the requirement that he pay restitution to Pennington because the hearing had not been held within sixty days of the trial court’s receipt of the appellate court mandate, presumably relying on Florida Rule of Criminal Procedure 3.800(b). The trial court agreed and held that it did not have jurisdiction to order restitution. The state filed this appeal which is in essence a .motion to enforce our previous mandate. Subsequently, Pennington settled with Peters and released him from all obligations. Thus, we do not address Peters’ obligation to Pennington.
The state alleges error in the trial court’s refusal to hold Peters’ restitution hearing as ordered by this court in Peters. We agree. When this court’s mandate was received by the trial court, the trial court was without authority to alter or evade the mandate. Stuart v. Hertz Corp., 381 So.2d 1161, 1163 (Fla. 4th DCA 1980). Furthermore, rule 3.800(b) is not applicable when a restitution order is reversed and remanded with directions to hold a new hearing. By refusing to hold the restitution hearing after being ordered to do so on remand, the trial court, whether out of impertinence, ignorance, or mere misapplication of law, disparagingly abandoned sound legal precedent. Therefore, the order of the trial court must be reversed.
Further, Peters’ belief that the restitution amount owed to Simpson was no longer in controversy is in error. Damages recoverable in a civil action are completely distinguishable from restitution available under criminal statutes. K.M.C. v. State, 485 So.2d 1296, 1297 (Fla. 1st DCA 1986). Therefore, we remand to the trial court with specific directions to conduct a restitu *541 tion hearing pursuant to section 775.089 et seq., Florida Statutes (1991).[1]
REVERSED AND REMANDED.
GLICKSTEIN, C.J., and DOWNEY and POLEN, JJ., concur.

. While the amount recovered by Simpson in the civil action, as well as any payments made by Peters on that judgment, are relevant in the restitution hearing, they are not binding. Peters cannot be made to pay twice for the same damages, but the criminal court has available to it means to insure payment that are not available in a civil action. Although the defendant's ability to pay may also be a consideration, a solvent, gainfully-employed defendant who fails to pay restitution may have his probation revoked and be incarcerated for his violation of probation. § 948.032, Fla.Stat. (1991); Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987).