610 So.2d 705 (1992)
Jimmy STRICKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3001.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
Rehearing and Clarification Denied January 21, 1993.
*706 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant pled guilty to two counts of grand theft. Appellant and the state agreed to a guidelines sentence and restitution. The trial court convicted and sentenced appellant and deferred the determination of restitution to a subsequent hearing.
Appellant's counsel represented him at the restitution hearing and did not expressly object to appellant's absence due to his confinement in prison. His counsel only stated she thought she might need him there because of the dispute as to the restitution amount. Counsel argued many people had stolen from Mr. Davis and that the state had the burden to show a direct connection between appellant's thefts and the amount of restitution sought. The trial court, based upon unsworn testimony presented by the state, ordered restitution to Mr. Horne in the amount of $1,800.00 and to Mr. Davis in the amount of $4,000.00. At the hearing, the trial court ordered the restitution to Mr. Davis "to be paid on a monthly basis at an amount set by [the] probation officer once [appellant] gets out and figure[s] out what his financial status is." The trial court recognized a question existed as to appellant's ability to pay but failed to require the state to present evidence on this issue.
Appellant contends the restitution order must be reversed because the trial court conducted the hearing without appellant, failed to require the state to prove that the amounts claimed by the victim resulted from appellant's offenses, ordered restitution based upon guesswork and unsworn statements, failed to determine appellant's ability to pay and delegated its responsibility to a probation officer to determine appellant's ability to pay. The state argues appellant waived these objections by failing to raise them at the restitution hearing.
We agree with the state's argument to the extent that it pertains to appellant's absence from the hearing and the trial court's reliance upon unsworn testimony to establish the amount of restitution. Appellant agreed to pay restitution in his plea agreement and had notice of the restitution *707 hearing. His counsel's comments concerning his absence did not preserve this point for appeal and his counsel failed to object to the court's acceptance of unsworn testimony to establish the amount of restitution.
The record, however, shows appellant's counsel did challenge the amount claimed as restitution and argued since many people had stolen from Mr. Davis, appellant should only have to pay for the property which he stole. The record does not support the state's reliance upon Spivey v. State, 531 So.2d 965 (Fla. 1988), in which the court stated:
[W]here a defendant commits a criminal offense in concert with others, it is within the discretion of the trial court to require that defendant to pay the full amount of restitution, or to apportion restitution in any appropriate manner.
Id. at 967. Rather, we find the facts in this case analogous to those considered by this court in Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990). In Peters, we said:
Section 775.089(1)(a), Florida Statutes (Supp. 1988), authorizes a sentencing court, after a hearing, to "... order the defendant to make restitution ... for damage or loss caused directly or indirectly by the defendant's offense." (Italics added.) Subsection (6) of that section instructs the court further to consider not only the amount of the victims' losses but the ability of the defendant to pay. Subsection (7) places the burden of establishing victims' losses on the state.
Id. at 451. In Peters, this court reversed the order of restitution concluding in part that the state failed to show Peters fenced all of the goods stolen from the victim. Id. Section 775.089(6), Florida Statutes (1991), provides:
The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
(emphasis added). Here, the trial court not only failed to determine the amount of loss sustained by the victim as a result of appellant's offenses, but also failed to determine appellant's ability to pay. See Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991). The trial court further lacked the authority to delegate this responsibility to a probation officer and to allow the probation officer to determine the amount of appellant's monthly payments. See Williams v. State, 556 So.2d 799 (Fla. 4th DCA 1990). Based upon these errors, we must reverse the order of restitution.
Since we must remand this case for a new hearing, we note the trial court may not rely upon unsworn testimony and solely upon argument of counsel as the basis for determining the amount of restitution. See § 90.605, Fla. Stat. (1991); Houck v. State, 421 So.2d 1113 (Fla. 1st DCA 1982).
Accordingly, we reverse the order of restitution and remand this cause for further proceedings consistent herewith.
REVERSED and REMANDED.
HERSEY and POLEN, JJ., concur.