PER CURIAM.
The only issue on this appeal from a manslaughter conviction claims error in the amount the defendant was ordered to pay in restitution for the victim’s funeral expenses. Although he claims that the trial judge erroneously failed to consider his alleged lack of financial resources as required under section 775.089(6), Fla.Stat. (1993),[1] the record shows that the issue was not appropriately asserted below because Bain neither properly objected to the ruling nor provided actual evidence of his inability to pay. See Anderson v. State, 649 So.2d 890 (Fla. 2d DCA 1995); Moore v. State, 623 So.2d 842 (Fla. 5th DCA 1993); Brooks v. State, 605 So.2d 522 (Fla. 4th DCA 1992); Oropesa v. State, 555 So.2d 389 (Fla. 3d DCA 1989), review denied, 562 So.2d 346 (Fla.1990).
Affirmed.

. The 1995 legislature has amended § 775.089(6) to provide that the defendant's ability to pay is to be considered only when there is an attempt to enforce the restitution order. 1995 Fla.Sess.Law Serv. Ch. 95-160 (H.B. 239) (West),