667 So.2d 330 (1995)
In the Interest of D.L.A., a Child.
No. 95-2041.
District Court of Appeal of Florida, First District.
October 24, 1995.
*331 Nancy A. Daniels, Public Defender; and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Douglas Gurnic, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's order adjudicating him a delinquent child and placing him on community control. Because the trial court failed to comply with Florida Rule of Juvenile Procedure 8.165, which requires that the trial court advise a child accused of having committed a delinquent act of the right to counsel at each stage of the proceeding and ensure, by a "thorough inquiry," that any waiver of that right has been freely and intelligently made, we reverse. See, e.g., In the Interest of J.M., 601 So.2d 604 (Fla. 4th DCA 1992); K.M. v. State, 448 So.2d 1124 (Fla. 2d DCA 1984); R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981). On remand, the trial court shall advise appellant fully regarding his right to counsel and, should appellant indicate a desire to waive that right, ensure, by a "thorough inquiry," that such waiver is freely and intelligently made. After having done so, the trial court shall afford appellant the opportunity to plead anew to the charges made in the petition.
REVERSED and REMANDED, with directions.
BOOTH, MINER and WEBSTER, JJ., concur.