670 So.2d 127 (1996)
Rick SCHOTSCH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1237.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Rehearing Denied April 11, 1996.
*128 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward L. Giles, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals an order of restitution imposed as a condition of probation at a hearing held without his presence, claiming that the amount imposed was unsupported by the evidence and that there was no finding of his ability to pay. Because we find competent substantial evidence to support the amount of restitution ordered and because none of the other issues were properly preserved for appellate review, we affirm.
Defendant entered negotiated pleas of nolo contendere to three counts of dealing in stolen property. Pursuant to the plea, he was sentenced to 23.5 months imprisonment followed by six months probation on each count, to run concurrently, with restitution as a condition of probation. Defendant agreed to pay restitution as part of the written plea agreement. The amount of restitution was determined at a later hearing at which time defense counsel affirmatively waived defendant's presence on the record. Without an objection to defendant's absence having been raised at the restitution hearing, and in light of defendant's plea agreement and defense counsel's affirmative waiver, defendant did not properly preserve the issue. See Strickland v. State, 610 So.2d 705 (Fla. 4th DCA 1992). Due process is not implicated here where there has been an agreement by defendant to pay restitution, notice and an opportunity to be heard, and an affirmative waiver. Cf. Wood v. State, 544 So.2d 1004 (Fla.1989).
Defendant is also prevented from attacking the restitution order based on a claimed inability to pay because defense counsel neither objected on that basis at the time the restitution was ordered nor presented evidence of defendant's inability to pay. A trial court is required to order restitution unless it finds clear and compelling reasons not to do so. § 775.089(1)(a), Fla.Stat. (1993). At the time restitution was ordered, the restitution statute provided that the court, in determining whether to order restitution, "shall consider ... the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate." § 775.089(6), Fla.Stat. (1993). Cf. § 775.089(6), Fla.Stat. (1995) (ability to pay considered only at time of enforcement). However, both the 1993 and 1995 versions of the restitution statute place the burden of demonstrating financial inability to pay on the defendant. § 775.089(7), Fla.Stat. (1995); § 775.089(7), Fla.Stat. (1993).
When a defendant fails to present evidence of his inability to pay the ordered restitution, notwithstanding an opportunity to do so, or fails to timely object to the restitution ordered based on lack of financial resources, any error in the court imposing restitution on that basis is waived. Blair v. State, 21 Fla.L. Weekly D151 (Fla. 4th DCA Jan. 10, 1996); Freeman v. State, 653 So.2d 1151, 1151 (Fla. 4th DCA 1995) (Warner, J., concurring); Sims v. State, 637 So.2d 21, 23 (Fla. 4th DCA 1994); Padilla v. State, 622 So.2d 160 (Fla. 4th DCA 1993). This holding is in accordance with decisions from other districts. See Bain v. State, 655 So.2d 1321 (Fla. 3d DCA 1995); Bolling v. State, 631 So.2d 310 (Fla. 5th DCA 1994); Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989). This reasoning is also in accordance with supreme court precedent.
In Spivey v. State, 531 So.2d 965, 967 n. 2 (Fla.1988), our supreme court specifically stated that the defendant "failed to object and present evidence of his inability to pay the ordered restitution and so has waived his right to challenge the order on those grounds." In State v. Whitfield, 487 So.2d *129 1045, 1046 (Fla.1986), receded from on other grounds, Davis v. State, 661 So.2d 1193 (Fla. 1995), our supreme court held that "sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal." In Dailey v. State, 488 So.2d 532 (Fla.1986), our supreme court explained that where the asserted error in sentencing involves factual matters requiring an evidentiary determination and thus not apparent or determinable from the record on appeal, a contemporaneous objection is required to preserve the issue. Finally, in Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991), the same principles were applied to otherwise legal conditions of probation:
In the absence of an objection, we believe that a defendant may appeal a condition of probation only if it is so egregious as to be the equivalent of fundamental error.
Our supreme court's holdings in Whitfield, Dailey, Spivey and Larson restrict the effect of broad dicta in State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984), that the contemporaneous objection rule is inapplicable to claims of error during sentencing. See Walker v. State, 462 So.2d 452, 454-55 (Fla.1985) (Shaw, J., concurring).
Defendant cites to Strickland v. State, 610 So.2d 705 (Fla. 4th DCA 1992), Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991), and Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990), in support of his proposition that the trial court had an affirmative duty under section 775.089(6), Florida Statutes (1993), to determine whether he had the financial ability to pay the restitution ordered. None of those cases dealt with the issue of preservation of the error for appellate review.
Section 775.089(6), Florida Statutes (1993), imposes no mandatory duty on the trial court to make affirmative findings of ability to pay before ordering restitution. The issue of ability to pay is an evidentiary matter and the burden was on defendant to come forth with evidence on this issue. While the trial court may have been statutorily-required to consider defendant's financial resources if evidence had been presented to it, where defendant neither presented evidence of his inability to pay nor even raised the issue before the trial court, defendant has not preserved the issue for appellate review.
While the restitution order is enforceable, defendant may still raise his inability to pay in a subsequent violation of probation proceeding. See § 948.06(4), Fla.Stat. (1993); Massie v. State, 635 So.2d 110 (Fla. 2d DCA 1994). In recognition of the fact that the time of enforcement is the critical time to consider defendant's ability to pay, section 775.089(6) was amended, effective May 8, 1995, to provide that the defendant's ability to pay is to be considered at the time there is an attempt to enforce the restitution order. See Ch. 95-160, § 1, at 1623, Laws of Fla.
Defense counsel did object at the restitution hearing to the sufficiency of evidence on the valuation of the stolen vehicles and their contents enabling us to review this issue on the merits. We find that there was competent, substantial evidence to support the amount of restitution. See State v. Hawthorne, 573 So.2d 330 (Fla.1991).
Accordingly, we affirm.
GLICKSTEIN and STEVENSON, JJ., concur.