684 So.2d 299 (1996)
N.R.L., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1438.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
*300 James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
N.R.L. appeals the order adjudicating him delinquent and committing him to the Department of Juvenile Justice. The order was entered following N.R.L.'s no contest plea to grand theft. N.R.L. was not represented by counsel when he entered his plea, and the transcript of the arraignment reflects that there was no "thorough inquiry" made into N.R.L.'s desire to waive his right to counsel, contrary to the requirement of Florida Rule of Juvenile Procedure 8.165(b)(2). Accordingly, we must reverse. See In the Interest of D.L.A., 667 So.2d 330 (Fla. 1st DCA 1995) (holding that reversal is required where child was not advised of his right to counsel at each stage and no inquiry was made to determine whether waiver of that right was freely and intelligently made).
Upon remand, the requirements of rule 8.165 must be adhered to. N.R.L. must be advised of his right to counsel and, if he chooses to waive counsel, N.R.L. must be queried to determine whether his waiver was freely and intelligently made. Only thereafter may N.R.L.'s plea be taken.
REVERSED and REMANDED WITH INSTRUCTIONS.
PETERSON, C.J., and W. SHARP, J., concur.