ON MOTION TO ENFORCE MANDATE

FARMER, Judge.
In our opinion on the merits in this appeal, we reversed and remanded with directions to the trial court to make “a determination of a fee payment [for former wife’s attorney’s fees] appropriate to the husband’s income level in proportion to the principal owed.” Bleakley v. Bleakley, 680 So.2d 1048 (Fla. 4th DCA 1996). On remand, the court entered an order stating as follows:
“The former husband has not paid the monthly sum of attorney’s fees nor alimony pursuant to the terms of the court’s order of December 8, 1994, to-wit: a minimum of $150 per month towards attorney’s fees and $811 towards alimony for a total of $461 per month.
“In April, 1995, the former husband purchased a new residence and the trust caused to have paid as a downpayment on said residence the sum of $30,000. As a result of the purchase, the former husband previously paid $950 per month rent and now pays $1,200 per month in mortgage payments. The corpus of the trust was invaded for the purpose of the downpayment.
“This is an arrears only case. The amount of attorney’s fees has been established and the amount of the alimony is arrears only. The only current amounts accumulating are for interest. The former husband has custody of the children and provides the vast majority of their support. The former wife received the marital residence in the settlement between the parties, sold same and received the proceeds.
“The former husband does not work and lives off of the interest from the trust. The former husband, however, has not been employed since mid-1989.
“Accordingly, whether or not he is able to gain employment, it would appear that his purpose for unemployment is not to defeat the court’s orders in this case.
“The former husband has paid his attorney’s fees, including appeal, from sources other than the trust. These sources were loans from his brother.
“The amount of attorney’s fees due and owing has previously been reduced to judgment and the alimony arrears of $11,200 plus interest should be reduced to judgment as well.
“The former husband asserts that the trust cannot be invaded for the purpose of alimony due and owing and attorney’s fees due and owing. The former husband put into evidence correspondence to and from the trust to corroborate his position. The court has not received a copy in evidence of the trust agreement nor argument as to whether the trust corpus can be invaded for this purpose. The corpus- was invaded for the purpose of a downpayment on a new residence for the former husband.
“It does not appear that the former husband has the present ability to pay a purge for the amounts that have accumulated pursuant to the order of December 8, 1994, in available cash unless the corpus of the trust can be invaded for this purpose.
“The former husband’s evidence is inconclusive on the issue but no contradictory evidence was presented by the former wife.”
*1021 The trial court thereupon effectually denied the former wife’s motion to comply with our mandate.
With due respect to the trial judge, she has misperceived our mandate. We did not direct that she determine whether the former husband was in contempt of court for failing to comply with the order requiring payment of attorney’s fees. Our direction was instead very limited: fix an amount to reduce the arrearages in accordance with Urbieta v. Urbieta, 469 So.2d 930 (Fla. 3d DCA 1985). That did not require the former wife to offer any evidence.
Second, in fixing an amount to satisfy ■the arrearages in payment of former wife’s attorney’s fees, the trial court necessarily was required to use the evidence that underlay the award of those attorney’s fees in the first place. That original record of evidence showed that the former husband had worked for 16 years as an engineer for Southern Bell until July 1990, earning more than $40,000 per year. In January 1989, he became the income beneficiary of a $900,000 trust, which has shown annual income since ranging from $29,000 to $62,-600. There is no record of any health reason for not continuing his employment, and it appears without contradiction that he is voluntarily “retired.” Moreover, all the while he has paid 5 of his own previous attorneys more than $65,000 in legal fees and costs. The former wife’s income was $3,750 net per year.
Our reversal to fix a more realistic ar-rearage reduction amount was obviously based on this evidentiary record, which we had in front of us when we reversed. Accordingly, it was not given to the trial court to revisit the issue of his ability to pay more realistic arrearage payments, for our decision necessarily affirmed the original trial court’s decision that he had the ability to pay the attorney’s fees awarded. Moreover, nothing cited by the trial court on remand changes any of that. The un-contradicted evidence in this record supports the finding that former husband has the ability — certainly with an imputation of his ability to earn a salary commensurate with what he voluntarily gave up — to pay more in arrearage reduction, and we direct the trial judge to comply with our mandate and fix a sum corresponding to the evidence previously discussed in this opinion.
GUNTHER, C.J., and POLEN, J., concur.