PER CURIAM.
This is an appeal from two orders granting restitution. The trial court entered the two restitution orders when the defendant was not present due to his incarceration. We reverse and remand because the orders are not consistent with the oral ruling and because the defendant was not present.
In this case, the defendant agreed to pay restitution and waived causation as to that restitution in his plea agreement. He was in prison serving his sentence pursuant to that agreement at the time of the restitution hearing. His attorney objected as to the amount of restitution and to the defendant’s absence.
*248 A defendant has the right to be present at the restitution hearing, but he must expressly object to preserve the error for appeal. See J.D. v. State, 705 So.2d 44 (Fla. 1st DCA 1997); see also Schotsch v. State, 670 So.2d 127, 128 (Fla. 4th DCA 1996). The defendant also must present evidence that he could not pay the restitution amount or he waives that error as well. See Schotsch, 670 So.2d at 128. The defense objected to the defendant’s absence and stated that the defendant objected to the amount but could not provide a specific objection. Though the defendant waived causation pursuant to his plea, he may have been able to argue his ability to pay the restitution had he been present.
Further, the trial court orally granted restitution of just $12,000. However, two restitution orders were entered: $12,000 to be paid to one victim and $1,000 to be paid to the other. The hearing transcript does not clarify whether the oral grant concerned both victims in the wrong amounts or just the one victim who should have received $12,000.
Because the l'ecord is unclear as to the amount and because the defendant objected to the hearing being conducted in his absence, we reverse and remand for a new restitution hearing.
REVERSED AND REMANDED.
POLEN, C.J., GUNTHER and WARNER, JJ., concur.