MONACO, J.
R.D.W. appeals his juvenile delinquency disposition order to the extent that it requires him to remove a tattoo from his neck as a special condition of probation. Because we can find no legal basis on which the trial court could order the juvenile to have his tattoo removed on the specific facts of this case, we reverse.
A delinquency petition was filed against R.D.W. charging him with possession of cannabis. He later entered a plea of no contest to the charge. The trial court withheld adjudication and placed the defendant on probation. Five months later R.D.W. was charged with violating his probation by failing to report to and attend school regularly. After the juvenile admitted to violating his probation in the manner charged, the matter proceeded to disposition. During the disposition hearing, the State requested, among other things, that the trial court order R.D.W. to re *196 move a tattoo consisting of the word, “Hustler,” that was located on his neck. Upon questioning from the court, the juvenile’s grandfather (and custodian) remarked that R.D.W. had not received permission to get that tattoo, but that the grandfather did not want to be responsible for paying to have it removed.
The court eventually withheld adjudication, reinstated the juvenile’s probation, and ordered him to “have the tattoo on his neck removed at his expense, not his grandfather’s expense.” Defense counsel objected to the trial court’s ruling, arguing that there was no legal basis which justified ordering the defendant to remove his tattoo. The trial court nevertheless maintained the requirement as a special condition of probation.
Our Supreme Court explained in Biller v. State, 618 So.2d 734 (Fla.1993), that a special condition of probation can be justified if it: (1) has a relationship to the crime with which the defendant was convicted; (2) relates to conduct that is in itself criminal; or (3) requires or forbids conduct which is reasonably related to the defendant’s future criminality. As to the first possible justification, R.D.W. was found delinquent for committing the offense of possessing cannabis. He violated his probation because he failed to attend school regularly and failed to report. There is no evidence in the record suggesting that the tattoo had anything to do with either his possession of an illegal substance, or with his attendance or reporting habits. As to the third justification, there is once again no evidence in the record indicating that the tattoo is gang related [as in the case of A.G. v. State, 726 So.2d 834 (Fla. 4th DCA 1999) ], or that it is otherwise connected to future criminality. That leaves only the second justification— that the tattoo relates to conduct that is in itself criminal — as an underpinning for the special condition imposed by the trial court. We do not believe that justification applies under the present facts either.
The State argues in this regard that the order requiring removal of the tattoo is justified because it involves conduct that is itself in violation of a criminal statute. This position is itself founded on section 877.04, Florida Statutes (2005), which reads in pertinent part:
(1) It is unlawful for any person to tattoo the body of any human being; except that tattooing may be performed by a person licensed ...
(2) Any person who violates the provisions of this section shall be guilty of a misdemeanor of the second degree, ...
(3) No body of a minor shall be tattooed without the written notarized consent of the parent or legal guardian.
Obviously, it is the third paragraph that is of importance to the present case. The State interprets the statute to say that it is unlawful for a juvenile to have a tattoo placed on his or her body, unless the juvenile has the required adult permission. That is to say, that if a juvenile obtains a tattoo, he or she is definitionally involved in conduct that is itself criminal. The third paragraph of the statute, however, appears to be directed not to the minor, but to the tattooist. It does not appear that it is the minor who breaks the law by getting a tattoo without the appropriate consent. Rather, it is the person who tattoos the minor who breaks the law. To say that by getting the tattoo R.D.W. was involved in “conduct which is in itself criminal,” is too great a stretch to authorize the imposition of the special condition of probation imposed on R.D.W., given the manner in which this statute is written, and the absence of any other facts that would *197 justify the sanction.[1]
We do not mean to imply that minors under the supervision of the Department of Juvenile Justice can feel free to have their bodies tattooed with impunity. A.G. is an excellent example of when ordering the removal of a tattoo might well be justified. There, however, the tattoo was related to criminal street gang membership. Here, there does not appear to be any such indication or justification.
Accordingly, the disposition order is affirmed except to the extent that it orders R.D.W. to remove the tattoo on his neck. The requirement to remove the tattoo is stricken.
REVERSED and REMANDED.
THOMPSON, J., concurs.
PALMER, J., dissents with opinion.

. We also note that there is nothing in the record to suggest that R.D.W. could even afford to have the tattoo removed. C.f., Schotsch v. State, 670 So.2d 127 (Fla. 4th DCA), review denied, 679 So.2d 774 (Fla.1996). His grandfather, who is his custodian, indicated at the dispositional hearing that he did not want to be responsible for paying the cost of the removal, and the trial court ordered that only R.D.W. pay for it. This means that at the very least there is a probability that R.D.W. will again be brought before the juvenile court and accused of violating his probation when he fails to have the tattoo removed.