MAY, J.
A juvenile appeals a disposition order in which the trial court departed from the recommendation of the Department of Juvenile Justice [DJJ] for continued probation and instead committed him to a high risk residential sex offender program. He raises two issues. First, he argues the trial court erred in departing from DJJ’s recommendation without articulating sufficient reasons why. Second, he argues the court erred in imposing a special condition that the juvenile not have contact with anyone 16 or under unless accompanied by an adult with knowledge. We agree with both arguments and reverse and remand the case for entry of a disposition order in compliance with DJJ’s recommendation.
The juvenile pleaded no contest to two counts of lewd and lascivious molestation by a person under 18 against a person older than 12 but under 16. The trial court placed the juvenile on probation with the special condition that he complete sexual offender treatment and not have contact with any female under 12 unless supervised by a person 21 years of age or older with knowledge of the offense. Almost a year and a half later, his probation officer filed an affidavit for violation of probation and alleged that the juvenile had failed to attend the required counseling and had not reported to his probation officer. The juvenile admitted the violation with the understanding that the State would recommend to the trial court that it follow the DJJ’s recommendation for continued probation.
The pre-disposition report revealed that the juvenile was now “regularly attending *1145 sexual offender counseling” weekly and was participating in all sessions. He had a good relationship with his family and was doing well. The court also had access to the original pre-disposition report that indicated the child was in need of counseling available in the community to deal with his father’s death.
Despite these recommendations, the trial court committed the juvenile to a high-risk residential, sexual offender program. The court stated: “[t]he reason I am disregarding the recommendations is that the child has already been on probation for these offenses ... [and] his excuse that he could not attend counseling due to lack of transportation seems to be ludicrous since he’s supposedly attending counseling on a regular basis.” The court then checked a box on the disposition order that provided: “[t]he assessment and restrictiveness level recommended by DJJ was disregarded because a preponderance of the evidence established the need for a higher level based upon the child’s sophistication, maturity, past record and history; nature of the offense and the manner in which it was committed; need to protect the community; [and the] need to provide more services to the child.” The court ordered that as a condition of his post-commitment supervision, the juvenile was to “have no contact with anyone 16 or under unless accompanied by an adult with knowledge.”
Defense counsel moved to correct the disposition or commitment order. The motion cited three reasons for the needed correction: (1) the reasons articulated by the court were invalid and unsupported by the evidence; (2) the boilerplate reasons provided in the order were not articulated at the hearing; and (3) the boilerplate reasons were not supported by substantial, competent evidence. The trial court denied the motion.
We review disposition orders for an abuse of discretion. A.W. v. State, 862 So.2d 858, 859 (Fla. 4th DCA 2003) (citing S.L.K. v. State, 776 So.2d 1062, 1064 (Fla. 4th DCA 2001)). The juvenile makes the same arguments on appeal as those raised in the motion to correct the disposition or commitment order. We agree with each of them.
First, the only reason articulated by the trial court for departing from the DJJ’s recommendation was that the court found the defendant’s reason for not attending counseling “ludicrous.” This is not a justification for departing from the recommendation, but rather the basis for the trial court’s finding the juvenile willfully violated his probation. Second, the boilerplate reasons for the departure indicated by a checkmark on the form disposition order were not articulated at the hearing.
Third, the evidence did not support either the articulated or written reason for the departure. In fact, the evidence established just the opposite. The pre-disposition report revealed the juvenile was doing well at home and at school. He had overcome the transportation problems that had caused him to miss counseling by fixing his bicycle. At the time of the disposition, the juvenile was regularly attending counseling and participating well.
Further, the trial court restricted the juvenile from any contact with males or females under the age of 17 unless accompanied by an adult with knowledge of the offense. The underlying incident involved the fondling of a female schoolmate when the juvenile was 12 years of age. He is currently 16 years of age. This special restriction was broader than that initially imposed as a condition to his probation and unnecessary to address the concern raised by the underlying offense. In addition, the restriction prohibited the *1146 juvenile from contact with anyone his age without adult supervision. Compliance with such a condition would be impossible. See Peters v. State, 555 So.2d 450, 451 (Fla. 4th DCA 1990).
For these reasons, we find the trial court’s departure from the recommendation of the DJJ to be an abuse of discretion. We remand the case to the trial court to modify the disposition order in compliance with the recommendation of the DJJ.

Reversed and Remanded.

SHAHOOD and GROSS, JJ„ concur.