# Third District Court of Appeal

## State of Florida

Opinion filed May 02, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1727
Lower Tribunal Nos. 14-13480, 14-13477, 14-22837, 15-1546 & 15-9420

_____

**The State of Florida,**
Appellant,

vs.

**Ibes Gomez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellee.

Before ROTHENBERG, C.J., and EMAS and FERNANDEZ, JJ.

ROTHENBERG, C.J.

On June 22, 2015, Ibes Gomez ("the defendant") entered an open plea to the trial court wherein he pled guilty to twenty-four felony offenses charged in five separate cases: 14-13477, 14-13480, 14-22837, 15-9420, and 15-1546. Thereafter, the defendant filed an appeal, claiming that some of the charges he had pled guilty to violated the prohibition against double jeopardy, which required the correction of the judgments in case numbers 14-22837 and 15-1546. Because this Court agreed that the convictions for both grand theft and organized fraud in case numbers 14-22837 and 15-1546 constituted double jeopardy, this Court vacated the two grand theft convictions in those two cases, affirmed the remaining twenty-two convictions reflected in the judgments of these five cases, and remanded for the preparation of a new sentencing scoresheet and reconsideration of the sentence based on a change, if any, to the sentencing scoresheet. See Gomez v. State, 220 So. 3d 495 (Fla. 3d DCA 2017). However, despite the clear directive issued in this Court's mandate, and over the State's objection and warning that it would appeal the trial court's failure to comply with this Court's mandate, the trial court permitted the defendant to vacate his plea and set the five cases for trial. The State appeals.

We treat this appeal as a motion to enforce the mandate in appellate case number 3D16-372, grant the motion, and quash the trial court's order granting the defendant's amended motion for postconviction relief, with instructions to the trial

2

court to follow this Court's mandate by reconsidering the sentences imposed based on a corrected scoresheet and sentencing the defendant accordingly.

When an appellate court issues a mandate, the trial court's role "becomes purely ministerial, and its function is limited to obeying the appellate court's order or decree." Hearns v. State, 54 So. 3d 500, 502 (Fla. 3d DCA 2010); see also Robinson v. Weiland, 988 So. 2d 1110, 1112 (Fla. 5th DCA 2008) (holding that "[t]he trial court lacks the discretionary power to go beyond the scope of relief granted by the appellate court. . . . Once the case is decided on appeal, the circuit court is bound by the decree as the law of the case and is required to perform the purely ministerial act of implementing the mandate.") (internal citation omitted); Huffman v. Moore, 834 So. 2d 300, 301 (Fla. 1st DCA 2002) ("When an appellate court issues a mandate, compliance with the mandate by the circuit court is purely a ministerial act. The circuit court does not have the authority to modify, nullify or evade that mandate."); Rodriguez v. State, 924 So. 2d 985, 986 (Fla. 2d DCA 2006) ("In carrying out an appellate mandate, the trial court's role is purely ministerial. . . . It cannot deviate from the terms of an appellate mandate.") (internal quotation and citations omitted).

This Court's mandate vacated only two of the twenty-four counts contained in the judgments and remanded for consideration of a modification of the sentence based on a corrected scoresheet, and nothing more. This Court's mandate required

3

only the following ministerial acts: (1) a vacating of the judgments as to only grand theft in case numbers 14-22837 and 15-1546 (leaving intact the remaining convictions in those two cases and the other three cases); (2) the preparation of a new scoresheet; and (3) a reconsideration by the trial court of the sentence in light of the corrected judgments and scoresheet because the plea was an open plea to the court. It was therefore error for the trial court to permit the defendant to vacate his guilty plea as to the remaining twenty-two charges, vacate the convictions, and set the cases for trial.

The defendant concedes that the law clearly precludes deviation from this Court's mandate but argues that because the defendant had filed a motion for postconviction relief, the trial court had jurisdiction to consider and rule on the defendant's postconviction motion prior to complying with the mandate, and because the trial court granted the motion for postconviction relief, this obviated the need for the trial court to comply with the mandate. We conclude that these arguments are without merit.

First, as already addressed in this opinion, the trial court was required to follow the instructions contained in this Court's mandate. Second, the defendant's motion for postconviction relief was prematurely filed and prematurely considered by the trial court. This Court remanded for a correction of the judgment in two of the defendant's cases and for reconsideration of the sentences imposed. Thus the

4

judgments and sentences are not yet final. As this Court has previously held, a conviction and sentence become final for the purposes of rule 3.850 when this Court affirms following resentencing. Valdes v. State, 904 So. 2d 515, 516 (Fla. 3d DCA 2005).

Recently, this Court reversed the trial court under strikingly similar circumstances. In State v. Perez-Diaz, 189 So. 3d 896, 902 (Fla. 3d DCA 2016), this Court concluded that the downward departure sentence imposed by the trial court was not supported by competent substantial evidence and therefore reversed the judgment and sentence and remanded for resentencing under the sentencing guidelines. Id. Rather than following the directives mandated by this Court, the trial court heard a newly filed motion for postconviction relief, granted the motion, and vacated the finding of guilt and the judgment and sentence. See State v. Perez-Diaz, 232 So. 3d 1072, 1072 (Fla. 3d DCA 2017). The State appealed, and this Court treated the appeal as a motion to enforce the mandate. Id. This Court granted the motion and quashed the trial court's order granting Perez-Diaz's motion for postconviction relief. Id. In quashing the trial court's order granting Perez-Diaz's motion for postconviction relief, this Court specifically informed the trial court that it was "not authorized to deviate from the terms of an appellate court's instructions . . . [and] [t]he trial court's action, regardless of how well-

5

intentioned, violated that mandate." Id. at 1072-73 (internal citations and quotation omitted).

Third, a review of the transcript reveals that the trial court did not perform even a rudimentary evaluation of the defendant's motion for postconviction relief, which is styled as an **amended** motion for postconviction relief. The amended motion for postconviction relief was filed on July 11, 2017, after the issuance of this Court's mandate but prior to the reconsideration of the defendant's sentences upon remand. In this motion, the defendant claimed that when he entered his open plea of guilty to the trial court, he did so based on the misconduct and misadvise of his prior counsel. The defendant claimed that, at the time of the plea, he was prepared to accept the State's offer, which he outlined in the motion, but based on the conduct of his prior trial counsel, the State concluded that its plea offer had been rejected. Thereafter, he was advised by his prior trial counsel that if he pled open to the court, he would receive a sentence no greater than five years in prison.

The record reflects, however, that on February 18, 2016, the defendant filed a motion for postconviction relief and a supporting memorandum of law wherein he made these same claims and which the same trial judge **denied** after conducting an evidentiary hearing. Additionally, the Assistant State Attorney notified the trial court twice during the hearing that he had spoken to the defendant's prior counsel and that the defendant's prior attorneys were available and willing to testify at a

6

postconviction evidentiary hearing that the allegations made by the defendant in his postconviction motion were false.

> The State: I spoke to Mr. Mastos and Mr. Reboso and Mr. Silverman, they're willing to come in here and say what happened and it is not what Mr. Gomez said.

> The Court:  Let [sic] set aside the Rule Three issue.

Then, later during the hearing, the State discussed with the trial court the defendant's allegation in his postconviction relief motion that the State had previously offered the defendant a plea, which included a 42-month prison term, probation, and the payment of $7600 restitution up front.  The defendant claimed in his motion that he wanted to accept the plea and was prepared to make the requisite restitution payment.  The State, however, told the trial court that the defendant's prior counsel would testify that this allegation was not true.

> The Court: So, the original plea by the State to close out all the cases before the whole fiasco [with] his mother and all of that was what?

> The State:  Well, your Honor there is the plea agreement that was attached to [the defendant's current counsel's] motion, but my discussions, if you want to have a hearing with that with Mr. Reboso and Mr. Silverman.

> The Court:  What [was] the plea?

> The State:  He would take the plea to thirty years with a surrender date, I think June 17 and so at that time his plea will be reduced to 42 months state prison followed by twelve years of probation with I believe $9400 dollars restitution.

> The Court: $9400

7

The State: $9400 dollars in restitution and now there is a new plea agreement that Mr. Gomez is alleging that the State rescinded from that said [sic] it was 42 months followed by five years only with $7600 dollars restitution. But my discussions with Mr. Reboso and Mr. Silverman, the defendant was not happy with any of these and he wanted to file a motion for downward departure. He wanted a reduced sentence and the family didn't want to give over money— they didn't want to give over $7600 hundred, if he is serving jail time. . . . .

The State: And the defendant said in the sentencing that you would not have accepted that plea and he was happy that you didn't let him accept that plea . . . .

What these record citations reflect is that the State was prepared to dispute the allegations made by the defendant in his motion for postconviction relief, but the trial court "set aside the Rule Three issue" rather than deciding it as the defendant suggests. But even if the basis for the trial court's ruling had been the allegations contained in the defendant's postconviction motion, that too would have been error without providing the State with an opportunity to present evidence to refute the defendant's allegations and requiring the defendant to meet the Strickland v. Washington, 466 U.S. 668 (1984), requirements.

**Conclusion**

We quash the trial court's order granting the defendant's amended motion for postconviction relief as the trial court was required to comply with this Court's mandate and was not permitted to deviate from this Court's instructions on remand—instructions which required the trial court to reconsider the sentence

8

based on a corrected scoresheet. If the defendant wishes to attack his plea and sentence based on ineffective assistance of counsel, he may do so after the trial court imposes a new sentence and that sentence becomes final. The trial court, however, may only grant such relief after affording the State with an opportunity to be heard and after making the appropriate findings.

Reversed and remanded with instruction to comply with this Court's mandate.