DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT R. RAMSAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-34

[November 14, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Steven Levin and Lawrence M. Mirman, Judges; L.T. Case No. 432015CF001139A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant argues that the trial court, after ordering a competency evaluation under Florida Rule of Criminal Procedure 3.210(b), erred in failing to conduct a competency hearing before a jury trial, resulting in the defendant's conviction and sentence on multiple charges. The defendant seeks a reversal of the jury verdict and sentence, and remand for a competency hearing before a new trial can occur.

The state concedes that the trial court erred in failing to conduct a competency hearing before the trial. *See Charles v. State*, 223 So. 3d 318, 328 (Fla. 4th DCA 2017) ("Once the trial court appoints experts to examine the defendant's competency, the trial court may not proceed against the defendant without holding a competency hearing and ruling on the defendant's competency.").

However, the state argues that the proper remedy at this time is not a reversal of the jury verdict and sentence, but remand to allow the trial

court to conduct a nunc pro tunc competency determination pursuant to Florida Rule of Criminal Procedure 3.212, if possible.

We agree with the state's requested remedy. We base our decision on controlling case law. As our supreme court held in *Dougherty v. State*, 149 So. 3d 672 (Fla. 2014):

> [A] nunc pro tunc competency evaluation could be done where there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing. . . . [S]hould the trial court find, for whatever reason, that an evaluation of [the defendant's] competency at the time of the original trial cannot be conducted in such a manner as to assure [the defendant] due process of law, the court must so rule and grant a new trial. Thus, the remedy for a trial court's failure to follow the procedures discussed above depends on the circumstances of each case.

*Id.* at 679 (internal citations and quotation marks omitted); *accord Silver v. State*, 193 So. 3d 991, 993-94 (Fla. 4th DCA 2016) (same).

We have not based our decision on non-record information which the state included in its answer brief regarding an alleged competency evaluation completed before trial. As the defendant argues in his reply brief, the state's reliance on non-record information is wholly improper. *Poteat v. Guardianship of Poteat*, 771 So. 2d 569, 573 (Fla. 4th DCA 2000).

Based on the foregoing, we remand to allow the trial court to conduct a nunc pro tunc competency determination, if possible. Should the trial court find, for whatever reason, that an evaluation of the defendant's competency at the time of the trial cannot be conducted in such a manner as to assure the defendant due process of law, the trial court must so rule and grant a new trial.

*Remanded for proceedings consistent with this opinion.*

WARNER and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***