DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT R. RAMSAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-951

[March 4, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Judge; L.T. Case No. 432015CF001139A.

Jonathan S. Friedman of Jonathan S. Friedman, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Robert Ramsay appeals the circuit court's nunc pro tunc competency order entered on remand in an earlier appeal, case number 4D18-34. *Ramsay v. State*, 259 So. 3d 132 (Fla. 4th DCA 2018). We sua sponte treat this appeal as a motion to enforce our mandate in *Ramsay*, grant the motion, and reverse the order entered on remand.

In *Ramsay*, Ramsay argued the court erred when it failed to conduct a competency hearing after ordering a competency evaluation. *Id.* at 132. On the State's confession of error, we remanded the case to allow the court to make a nunc pro tunc competency determination, if possible. *Id.* at 133. We stated:

> [W]e remand to allow the trial court to conduct a nunc pro tunc competency determination, if possible. Should the trial court find, for whatever reason, that an evaluation of the defendant's competency at the time of the trial cannot be conducted in such a manner as to assure the defendant due

process of law, the trial court must so rule and grant a new trial.

*Id.*[1]

On remand, the court and counsel spent a considerable amount of time discussing the remand instruction. Ultimately, over Ramsay's objection, the court made a nunc pro tunc competency determination dating to the date of an expert's report. But that report was completed two years before the trial, and the instructions on remand required the court to conduct "an evaluation of the defendant's competency at the time of the trial." *Id.*

We think that the instruction was clear, and the circuit court was required to comply with it. *See State v. Gomez*, 247 So. 3d 592, 593 (Fla. 3d DCA 2018).

Next, we must determine the appropriate disposition. This Court has the authority to enforce its mandate. *See* art. V, § 4(b)(3), Fla. Const.; § 35.08, Fla. Stat. (2020); *see also Posner v. Posner*, 257 So. 2d 530, 535 (Fla. 1972) ("This Court has inherent power to enforce its mandates and to give such judgment, sentence, or decree as the court below should have given.").

But we, and our sister courts, have inconsistently disposed of appeals in similar situations. In some cases, a motion to enforce mandate is treated as a new proceeding: a petition to enforce mandate. *Dow Corning Corp. v. Garner*, 452 So. 2d 1, 1 (Fla. 4th DCA 1984) (citing *Stuart v. Hertz Corp.*, 381 So. 2d 1161, 1163 (Fla. 4th DCA 1980)). At the same time, two courts have treated a petition for writ of mandamus as a motion to enforce mandate in the original appeal. *Hankerson v. State*, 897 So. 2d 555, 555 (Fla. 5th DCA 2005); *Basic Energy Corp. v. Hamilton Cty.*, 667 So. 2d 249, 250 n.1 (Fla. 1st DCA 1995).

In other cases, a new appeal is treated as a motion to enforce mandate in the original case. *Elder v. State*, 268 So. 3d 995, 996 (Fla. 2d DCA 2019); *Gomez*, 247 So. 3d at 593; *Bleakley v. Bleakley*, 744 So. 2d 1019, 1021 (Fla. 4th DCA 1997). But we have also enforced our mandate in the new appeal. *State v. Peters*, 604 So. 2d 539, 540 (Fla. 4th DCA 1992).

---

[1] In April 2019, *after* we issued *Ramsay* and *after* the circuit court concluded the proceedings on remand in this case, we issued an en banc opinion clarifying the appropriate remand instructions in future cases presenting this issue. *See Machin v. State*, 267 So. 3d 1098, 1101–02 (Fla. 4th DCA 2019) (on reh'g en banc).

Consistent with the holdings of our sister courts in *Elder*, *Gomez*, *Hankerson*, and *Basic Energy Corp.*, we adhere to *Bleakley* and treat this appeal as a motion to enforce our mandate in *Ramsay*. We grant the motion, reverse the competency order entered on remand, and again remand with instructions to comply with the mandate in *Ramsay*.

*Reversed and remanded.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3