# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1140
Lower Tribunal No. F13-26118
_____

**Antonio A. Cobb,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Whidden Law and Wade M. Whidden (Tampa), for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and FERNANDEZ and GORDO, JJ.

PER CURIAM.

Appellant Antonio Cobb challenges the trial court's denial of his motion for postconviction relief alleging ineffective assistance of counsel. Consistent with well-established precedent, we affirm the trial court's order.

This matter originated with case no. 3D19-2423, wherein Cobb appealed the denial of his first motion for postconviction relief. Following review, this Court remanded the case to the trial court for further discussion on "the issue of whether [Cobb's] trial counsel was ineffective for: (1) misadvising him as to the ability of the State to convict him on all five counts of attempted murder, thereby precipitating his rejection of a favorable plea offer; (2) informing him that, in the event he testified, the State would be entitled to explore the nature and circumstances of his prior convictions; and (3) failing to investigate and ensure the presence of a material witness, Shanequa Rigby."[1] Cobb v. State, 307 So. 3d 876, 877 (Fla. 3d DCA 2020).

While this first motion was on appeal, Cobb filed two successive postconviction motions below, alleging additional grounds for relief.[2] The trial court held evidentiary hearings addressing both the remanded three grounds

---

[1] At the evidentiary hearing, Cobb's defense counsel conceded that they could not meet their burden as to the Shanequa Rigby claim.

[2] Cobb claimed that his trial counsel, Clayton Kaeiser, was ineffective (1) for misadvising him that a recorded jail call confession would be admitted into evidence at trial and (2) for failing to call the responding officer as a defense witness at trial.

and the two new grounds raised. Because the new claims were beyond the scope of this Court's mandate, the trial court improperly considered these claims at the evidentiary hearing. See Torres v. Jones, 652 So. 2d 893, 894 (Fla. 3d DCA 1995) ("A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape or form.") (internal citation omitted); see also State v. Gomez, 247 So. 3d 592, 596 (Fla. 3d DCA 2018) (finding that "the trial court was required to comply with this Court's mandate and was not permitted to deviate from this Court's instructions on remand" when reconsidering defendant's motion for postconviction relief). No further discussion is warranted on these issues.

With regards to the properly considered claims, which pertain to ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient in order to prevail. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the performance prong of the Strickland test, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Second, the defendant must show that the deficient performance prejudiced the defense. To do so, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694.

3

Cobb alleges that Kaeiser promised that the State would not be able to prove any of the charges, even stating that the State could not get past his motion for judgment of acquittal. Generally, defense counsel is obligated to advise the defendant of all <u>pertinent matters</u> bearing on the choice of which plea to enter, including the strength of the case brought by the State against the defendant. <u>See</u> Fla. R. Crim. P. 3.171(c)(2)(B) (emphasis added); <u>see generally</u> <u>Ridel v. State</u>, 990 So. 2d 581 (Fla. 3d DCA 2008). However, "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." <u>Lafler v. Cooper</u>, 566 U.S. 156, 174 (2012).

At the evidentiary hearing, Kaeiser testified that he believed that the defense had a strong case, given the uncertainty of whether the witnesses would testify. Kaeiser stated, "I didn't think that they would be able to get past the JOA, to be honest." Although incorrect about the outcome, without more, Kaeiser's mistaken prediction does not constitute deficient performance. <u>See</u> <u>Lafler</u>, 566 U.S. at 174. Given the lack of physical evidence against Cobb, and the inconsistencies in witness identification, Kaeiser's belief was reasonable in light of the record. Counsel's strategic decisions and professional advice regarding the strength of the State's case were reasonable and do not amount to ineffective assistance.

4

Likewise, Cobb fails to prove the second prong of Strickland. To prove prejudice with regards to a rejected plea offer, the defendant must demonstrate a reasonable probability that he would have accepted the offer had counsel provided proper advice. See Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013).[3] The record does not support such a finding.

As argued by the State during closing arguments, and subsequently adopted by the trial court, Cobb would have never taken the plea, regardless as to whether Kaeiser advised him correctly. The State initially offered fifteen-years, which Cobb rejected. At trial, when the jury was deliberating, the State offered Cobb twenty-five years. At which point, the trial court colloquied Cobb, and Cobb understood that he could potentially receive a life sentence. Cobb again rejected the plea offer. The record supports a conclusion that he declined the plea agreement knowingly and voluntarily. Cobb failed to show ineffective assistance of counsel.

Further, Kaeiser testified that after many conversations with Cobb, "[he] had the distinct impression that [Cobb] really didn't want to take a plea

---

[3] The State conceded that Cobb established factors two through four of the Alcorn test, which include: (2) the prosecutor would not have withdrawn the offer; (3) the court would have accepted the offer; and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence received. See Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013).

unless it was something that would result in him getting out of jail pretty quickly." Kaeiser also testified that any kind of conviction would affect Cobb's looming federal case for violation of probation. That, in counsel's view, affected the plea negotiations from the outset.

The trial court's denial of this claim, after hearing testimony and assessing credibility, was proper. Accordingly, we affirm.

Affirmed.